CITY OF NATCHEZ *v.* COTTON MILLS PRODUCTS CO.

(Division B. Nov. 25, 1929. Suggestion of Error Overruled Jan. 6, 1930.)

[124 So. 759. No. 28196.]

534

W. C. Martin and S. B. Laub, both of Natchez, for appellant.

Kennedy & Geisenberger, of Natchez, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal by the city of Natchez from a judgment of the circuit court on a tax appeal from an assessment made by the city of Natchez against the property of the Cotton Mills Products Company.

The Cotton Mills Products Company had certain property located in the city of Natchez which it rendered for assessment at twenty thousand dollars, and the city assessor made up the assessment roll and returned the same with the assessment at such figure. The mayor and board of aldermen raised the assessment to thirty thousand dollars by running a red ink mark through the figures twenty thousand dollars and writing above the figures on the same line the figures "thirty thousand dollars" in red ink. The assessment roll was approved by an order entered upon the minutes of the mayor and board of aldermen of the city of Natchez, and was turned over to the tax assessor and collector; the tax collector and assessor being one person. Notice was given that the roll as corrected by the city authorities was subject to inspection of the property owners; such notice being published in a paper in the city. Thereupon the Cotton Mills Products Company, by its attorney, appeared and filed an objection to this assessment, setting out in the objection that the assessment is illegal, was not made in the manner and form as required by law, and was not made by the said board, and that in addition thereto the sum of thirty thousand dollars is beyond the value of the property, beyond the taxable value thereof, and beyond the value at which similar nature property is assessed, the same is erroneous, discriminatory and excessive, and said assessment should be fixed by this board at the sum of twenty thousand dollars; that the roll was not made, returned, filed, or approved in the manner and form as required by law, but, if so made, filed, and approved, it was not legally

changed from twenty thousand to thirty thousand dollars, but, if so changed, is excessive.

The city board heard the matter, and denied the petition of objection filed to the assessment so made, from which assessment an appeal was prosecuted to the circuit court.

It appeared in the trial at the circuit court that the changes made by the board in the assessment roll were not certified to the tax collector individually, that is to say, each individual assessment or change made was not certified in the manner above indicated, and the roll was approved by a general order, and copy of the general order published, and the roll turned over to the tax collector for the collection of the taxes. The taxes were paid pending the appeal in accordance with the law upon the subject; and on the hearing on the appeal from the assessment the circuit court held the raise illegal, and ordered restitution made of the amount of taxes on the increase from twenty thousand dollars to thirty thousand dollars, from which this appeal is prosecuted.

The court below appears to have acted upon the theory that the assessment was void because the clerk of the board did not certify each particular raise made by the board by name, either in one continuous list or each one separately, and apparently that some entry of each particular assessment should be made on the minutes of the city board.

The evidence showed without dispute that the property was worth more than thirty thousand dollars, and that, if compared to the assessments of other property in the same neighborhood across the street and contiguous to the property, it was very fair to the Cotton Mills Products Company. In other words, the proof showed without dispute that the assessment at thirty thousand dollars would make it equal and fair as compared to other property in the city. In Yazoo Delta Investment Company v. Suddoth, 70 Miss. 416, 12 So. 246, it was held

that in equalizing assessments all changes made by the board of supervisors must be noted on the roll itself when completed. It is the warrant under which the collector acts; and it is not necessary for the minutes of the board to show each specific change made. After all corrections are made on the roll, it is to be approved by general order. We see no reason why the same rule should not be applied to a city roll. The evidence was full and complete that the board considered the matter, equalized the valuation, and the roll as corrected was approved and certified to the tax collector.

In the assessment of a large city, to require the certification of each assessment separately would entail a great deal of needless work, as the matter can be determined by the roll, and the general order approving the roll as made. It is said by the appellee, however, that, regardless of this, the city had no authority under its charter to equalize the assessment through the instrumentalities of the mayor and board of aldermen, and that the chapter on municipalities pertaining to this, section 7004, of Hemingway's 1927 Code, and section 7005 of the same code, is not made applicable to cities operating under a special charter as the city of Natchez is under its charter, and that there was no authority in the board by law to raise the assessment as fixed by the assessor.

By chapter 225, Laws of 1877, page 302 et seq., the charter of the city of Natchez was amended, and the provisions constituted a complete charter. By section 29 of this charter it is provided:

"Be it further enacted, that the mayor and aldermen shall, by ordinance, have power to prescribe and regulate the mode and time of assessing and collecting the taxes levied by them; to subject, by levy, seizure, and sale, any personal effects," etc.

The mayor and aldermen are given the power by ordinance to prescribe and regulate the mode and time

of assessing and collecting the taxes. The mode is a very comprehensive term, and authorized the board to regulate the manner and method of assessing the taxes; it cannot only fix the time for assessing them, but can prescribe in detail the methods by which the process of assessment is to determine the true value of the property to be assessed. It is true that the act creates the city assessor and collector who primarily must make the assessment, just as the Constitution of the state creates a county assessor who must primarily make the assessment, but the board has power and authority to provide for the equalization of assessments, and to review the assessment as returned by the assessor, to see whether the property is assessed too low, or too high, or unequal with other property, and harmonize all of the assessments on the basis of fairness and justice. It appears that this point was not raised before the mayor and board of aldermen, nor does it appear to have been raised in the trial court below, and all irregularities in the method of doing anything other than that found in the pleadings should not be reviewed here unless it goes to the power or jurisdiction of the board as this statute gives the power, and, as the assessment is apparently made in conformity with the law and the practice, and as proof sustained the action of the board in its equalization, we think the court below reached the wrong conclusion upon the facts in the record, and that it should have sustained the assessment as raised and approved by the mayor and board of aldermen. The judgment of the court below will therefore be reversed, and a judgment entered here approving the assessment as raised and approved by the mayor and board of aldermen, and affirming the order approving the assessment roll by the mayor and board of aldermen together with statutory damages.

Reversed and rendered.