CITY OF GREENVILLE *v.* WILLIAMS.

Mar. 10, 1952.

No. 38315 (57 So. (2d) 266)

Farish, Keady & Campbell, for appellant.

Howard Dyer, Jr., and R. V. Kimble, Jr., for appellee.

Hall, J.

The city appeals from a judgment against it in favor of appellee for damages because of personal injuries sustained by her as the result of alleged negligence of the

city. The only question for decision is whether the city was entitled to a peremptory instruction.

At the margin of one of its paved streets the city maintains a catch basin into the side of which rain water flows from the gutter of the street and from which catch basin the water flows into a storm sewer. This catch basin is covered by a removable concrete slab which measures three feet by four feet and which is approximately three inches in thickness. The front of the slab rests upon and is flush with the curb of the street. The back of the slab is approximately six inches from a paved sidewalk six feet in width. The space intervening between the slab and the sidewalk is filled with dirt and at the time of the injury to appellee was covered with grass. Against the edge of this slab was a crevice about three feet long, about three inches deep, and its width was variously estimated at from two to three inches. While walking along the sidewalk with her daughter the appellee stepped into this crevice, the heel of her shoe caught therein, and she was thereby caused to fall and break her arm. The accident occurred in the night time. There was a street light almost immediately above the point of injury; there is no testimony that the light was not burning and the evidence for the city raises the reasonable presumption that the light was burning. Appellee did not notice where she was stepping and did not see the crevice before she fell.

It is well settled by numerous decisions of this Court that it is the duty of a municipality to exercise reasonable care to see that its streets and sidewalks are kept in a reasonably safe condition for travelers using the same in the customary manner in the exercise of such caution as under all the circumstances of the case should reasonably be expected of them. Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.(2d) 827, and authorities therein cited. The question for decision here is whether the city discharged its stated duty.

In the case of City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, the plaintiff, in crossing a street at the regular intersection, stepped from the sidewalk into the traveled portion of the street where pedestrians regularly crossed and the heel of her shoe went into a depression therein and she fell and sustained injuries for which she brought suit and recovered a judgment. Upon appeal this Court pointed out that under the evidence the depression or crevice was between one-half inch and three inches in width and between eighteen inches and two feet in length. The Court there held that the maintenance of such a crevice does not constitute actionable negligence on the part of the city. We are bound by that decision unless we should overrule it, which we are not constrained to do.

In the Laury case the plaintiff was walking in the very spot which the city had provided for pedestrians, while in the case at bar the plaintiff for some unexplained reason stepped completely off the sidewalk provided for her and caught her heel in the crevice next to the catch basin cover. In view of the size of this crevice as compared with that in the Laury case we must hold as a matter of law that the city is guilty of no actionable negligence, and the judgment of the lower court is accordingly reversed and judgment entered here in favor of appellant.

Reversed and judgment here.

McGehee, C. J., and Lee, Holmes and Arrington, JJ., concur.