CITY OF HATTIESBURG *v.* KELLY

No. 39910        January 23, 1956        84 So. 2d 680

*C. W. Sullivan, D. Gary Sutherland,* Hattiesburg, for appellant.

*Edward J. Currie,* Hattiesburg, for appellee.

530

McGEHEE, C. J.

This appeal is from a judgment of $800.00 rendered against the appellant, City of Hattiesburg, and in favor of the appellee, Mrs. Pearl M. Kelly, as damages for personal injuries sustained by the plaintiff when on August 17, 1954, she stepped on the outer edge of a cast-iron cover over a catch basin, and which cover tilted so as to cause her leg to go into the catch basin, which was approximately two and a half feet deep and about two feet in diameter. The metal frame of the catch basin weighed over two hundred pounds and the basin was lined with brick, and the cover thereto weighed about sixty pounds.

There is no dispute in the record that the cover to the catch basin tilted when the plaintiff stepped thereon and that she had to be lifted or helped out of the catch basin. Nor is there any dispute as to whether or not she was exercising reasonable care for her own safety at the time she stepped on the outer edge of the cover to this catch basin, which extended out approximately half way on the sidewalk.

The principal issues are, first, whether or not the City of Hattiesburg violated a legal duty in not having a system of reasonable inspection of catch basins so located, this one being across the street from the Dixie Plant of the Reliance Manufacturing Company which had 500 or 600 employees who had occasion to use this particular sidewalk daily when the plant was in operation; and, second, whether or not the defective, worn or loose condition of this cover to the catch basin had resulted in its being insecurely fastened or placed over the catch basin, and whether or not its defective or insecure placement had existed for a sufficient time to become known to the City authorities or could have been discovered by the exercise of ordinary care.

The appellant assigns about ten grounds of alleged error on this appeal, but the two grounds insisted upon are, first, that the defendant was entitled to a directed verdict in its favor at the conclusion of the plaintiff's evidence, and, second, that the trial court erred in not granting the requested peremptory instruction in favor of the City at the conclusion of all of the evidence. Since the defendant proceeded to introduce its evidence after its motion to exclude the evidence offered by the plaintiff had been overruled, the case is to be decided on the state of the record at the conclusion of all of the evidence. In other words, the sole remaining question is whether or not the defendant was entitled to a directed verdict in its favor at the conclusion of all of the evidence.

As hereinbefore stated, there is no dispute as to whether or not the plaintiff sustained a very painful injury which bruised and discolored her leg from the thigh almost to the ankle when she stepped on the cover to this catch basin enroute to her work at the plant of the Reliance Manufacturing Company on the occasion complained of. Such fact is abundantly established by the proof, and it is undisputed that one using the side-

walk would not in the exercise of reasonable care for their own safety have observed that this heavy cast-iron cover to the catch basin would have tilted when being stepped upon by such a pedestrian.

On behalf of the defendant the testimony is that about 15 days prior to the accident one Thomas Dent and other colored employees of the City had removed the cover to the catch basin and cleaned out the basin or manhole; that they then placed the cover back over the catch basin, and according to the testimony of Thomas Dent they properly replaced the cover and left it in good shape. The testimony of the manufacturer and of the employees of the defendant is that if this cover had been properly replaced it just could not have tilted or ''flipped'' when Mrs. Kelly stepped thereon. Of course it could have been tampered with in the meantime, but it would be mere conjecture to assume .that anyone other than an employee of the City would have had any occasion or reason to change the placement of this cover during the 15 days that intervened between the time the catch basin was cleaned out and the date of the accident to the plaintiff. That such may have happened is a mere remote possibility. The jury evidently believed that either Thomas Dent or one of his co-workers failed to securely replace the cover to this catch basin or that either it or the rim or other supports on which it rested had become so worn during its 20 years of use that it finally slipped off the inner rim or supports and tilted with the plaintiff, who weighed nearly 200 pounds, when she stepped thereon.

Then, too, we think that it was for the consideration of the jury whether or not this condition could have been discovered by the exercise of ordinary care in the making of reasonable inspections of a catch basin located about two blocks from the city hall and also near enough to a large manufacturing plant as to be used

daily by 500 or 600 pedestrians, on account of it extending approximately half way to the center of the sidewalk.

For the foregoing reasons we are of the opinion that the question was properly submitted to the jury. On the cross-assignment of errors by the appellee we do not think that she was entitled to a directed verdict as requested by her, and as to her second cross-assignment of error that she is entitled to another trial on account of the damages being inadequate, we have concluded that although we may have affirmed a verdict for a larger amount, we are not justified in disturbing the verdict of the jury under all of the facts and circumstances of the case. After the accident the plaintiff was immediately carried to the first aid room at the manufacturing plant, and from there to a clinic or hospital where she remained for about three hours, and she was unable to perform any work for a period of five weeks. The discoloration caused by the injuries had not at the time of the trial completely cleared up in one small area, but the attending physician testified in substance that she will have entirely recovered within five or six months longer. The accident caused no broken or fractured bones or other permanent injuries. She incurred medical expenses of approximately $120.00 and a loss of earnings of approximately $160.00, and of course she suffered physical pain and sustained loss of time in returning for treatment of her wound about every other day for a considerable period of time following the accident.

As hereinbefore indicated, we are of the opinion that the judgment appealed from should be affirmed on both direct and cross appeals.

Affirmed.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.