HAWKINS et al. *v.* CITY OF NATCHEZ, MISSISSIPPI

No. 41968      October 16, 1961      133 So. 2d 610

*Berger, Callon & Zuccaro*, Natchez, for appellants.

*C. L. Collins*, Natchez, for appellee.

Rodgers, J.

This is a damage suit filed by the heirs-at-law of James Lee Hawkins, deceased, against the City of Natchez, Mississippi, in the Circuit Court of Adams County, Mississippi. The defendant filed an answer, and a jury trial was had, resulting in a verdict and judgment in favor of the defendant, the City of Natchez. Appellants made a motion for a new trial, and from an adverse judgment, the case has been appealed to this Court.

The evidence introduced shows that on July 26, 1959, about 11 o'clock A. M. on a rainy day, the intestate, James Lee Hawkins, a child of four years of age, went with his brother and sister to a grocery store on the

south side of Beaumont Street in the City of Natchez; that as the children returned from the store, they crossed Beaumont Street and went along a dirt sidewalk on the west side of Woodlawn Avenue. There was a storm sewer or open drainage ditch running parallel with, and adjacent to, Woodlawn Avenue. This drainage ditch was about three feet, three inches wide and two feet, four inches deep, and was located between the dirt sidewalk and the paved portion of Woodlawn Avenue. There had been a heavy rain and the ditch was full of water, and appellants claim that there was water upon the sidewalk and on Woodlawn Avenue. The children traveled along the dirt path in a northerly direction, when suddenly the deceased got into the swift moving current of water in the ditch and was swept into the 24-inch culvert under Beaumont Street, and drowned.

The evidence reveals that water from other streets passes down Woodlawn Avenue into the open drainage ditch above-described. The declaration filed by appellants charges, among other things, that the City of Natchez was negligent in failing to maintain a reasonably safe sidewalk, drainage ditch and culvert at a place where little children congregate to go to a nearby school, and that this failure of the City to maintain a reasonably safe sidewalk, culvert and drainage ditch was the proximate cause of the death of the child.

The appellants complain on appeal to this Court that the lower court should have granted a judgment in favor of the appellants; that certain instructions given to the appellee, the City of Natchez, were erroneous; that the testimony of the witness John Banks, a former city engineer, who was offered to show certain recommendations made to the City of Natchez was erroneously rejected by the court; and that the minutes of the Mayor and Board of Aldermen referring to the open ditch on Woodlawn Avenue was not permitted to be introduced in evidence and that this was an error.

The appellants introduced photographs of the drainage ditch and culvert opening. A mail carrier testified that the water in this area had been getting out over the road, the walk, and over the banks of the ditch for some time. The witness John Banks was offered by the appellants for the purpose of showing that the City had knowledge of the dangerous condition of this drainage ditch and culvert. The brother and sister of the deceased testified as to what occurred at the time the child drowned, and the mother and father were also offered as witnesses. The city clerk was offered to show the minutes containing the recommendations of the city engineer. For the defense, the City of Natchez introduced the mayor, a member of the board of aldermen, a director of public works, a city engineer from the City of Jackson, Mississippi, a city engineer from the City of Greenville, Mississippi, an engineer from Baton Rouge, Louisiana, and a local civil engineer from the City of Natchez. The coroner was introduced and testified as to certain conflicting statements made by the brother and sister of the deceased before the coroner's jury. When all of this testimony was properly presented to the jury, the jury rendered a verdict for the appellee, City of Natchez.

The appellants complain that eleven instructions granted appellee were erroneous because they advised the jury that the City had fulfilled its duty when it provided safe streets for persons using them for their customary use, while exercising reasonable care for their own safety, and that the City was not required to cover the entrance to underground culverts, provided they were in a reasonably safe condition for persons using them for their accustomed use and in an accustomed manner, while exercising due care for their own safety. The appellants particularly complain of the instruction which advises the jury that the City is not liable for the condition of the sidewalk and culvert where the said sidewalk and

culvert are reasonably safe for use of an adult when the adult exercises reasonable care for his own safety. This last instruction was taken from the case of Maxedon v. City of Corinth, 155 Miss. 533, 124 So. 795. In that case Judge Smith quoted from the case of McComb City v. Hayman, 124 Miss. 525, 87 So. 11, as follows: ''The measure of a municipality's duty in the maintenance of its streets is to use ordinary care to keep them in a reasonably safe condition for persons using ordinary care and prudence. Vicksburg v. Hennessy, 54 Miss. 391, 28 Am. Rep. 354; Meridian v. Crook, 109 Miss. 700, 69 So. 182, L. R. A. 1916A, 482; Higginbottom v. Burnsville, 113 Miss. 219, 74 So. 133, *and its liability for an injury to a child caused by a defect in its streets is the same as in the case of an adult injured by such defect while in the exercise of due care.* 13 R. C. L. 368.'' Although a few courts have held to the contrary, ██ █ it is the well-settled rule that a municipality is liable for damages caused by its negligence in the operation and maintenance of sewers and drains under its control. However, a municipality is not liable for damages caused by an overflow resulting from an extraordinary or unprecedented rain or flood, reasonably unforeseeable. Rhyne, Municipal Law, Sec. 30-23, p. 769.

██ █ We have carefully examined the instructions granted appellee and appellants, and are of the opinion that no error was committed in the granting and refusing of instructions in this case.

██ █ We find no error in the fact that the court rejected the testimony of John Banks or in the refusal of the introduction of the minutes of the Mayor and Board of Aldermen of the City of Natchez because this evidence could have gone only to the question of ''notice'' to the City of the condition of the open ditch, the culvert and the sidewalk, and the appellee City of Natchez had admitted having notice of the situation here sued upon. Moreover, this situation had existed for a long period of

time and the City could not deny having notice. The introduction of additional testimony was cumulative and its rejection was not erroneous.

■■■ We have carefully examined the record in this case as to the testimony and pleadings, and are of the opinion that there was no error committed by the trial court in submitting this case to the jury, that the issue of whether or not the City was negligent in the construction and maintenance of its sidewalk, drainage ditch and culvert, at the time and place here in evidence, was a question of fact to be determined by the jury. The jury having found in favor of the defendant on proper instructions, the case should be, and is, hereby affirmed.

Affirmed.

*Lee, P. J.* and *Gillespie, McElroy* and *Jones, JJ.,* concur.