THE CITY OF CLEVELAND, MISSISSIPPI *v.* THREADGILL

No. 42512        January 14, 1963        148 So. 2d 670

*Valentine & Valentine,* Cleveland, for appellant.

*Alexander, Feduccia & Alexander,* Cleveland, for appellee.

RODGERS, J.

This is a damage suit for personal injury to appellee, alleged to have resulted from negligent maintenance of a street in Cleveland, Mississippi.

Appellee, Rosie Lee Threadgill, filed suit in the County Court of Bolivar County, Mississippi. By agreement of the litigants, the county judge heard the case, sitting as judge and jury, and rendered judgment in favor of appellee. The case was appealed to the circuit court, where an order was entered affirming the judgment of the county court. It comes to this Court on appeal from the order of the circuit court.

The testimony revealed that early in the morning of June 22, 1960, appellee left her home on the south side of Ruby Street in the City of Cleveland, Mississippi, and walked across a paved sidewalk onto a paved street. The street is thirty feet wide and runs east and west in front of appellee's home. A water drain was built into the street near the south side within approximately twenty feet east of a point in front of the home. She walked out into the street in an easterly direction to call her husband and stepped on the cover of the water drain above-mentioned. The metal cover was defective in that two of the crossbars had been broken so as to leave a large hole in it. Appellee's foot and leg passed

through this hole and became fastened to such an extent that she could not extricate herself. A woman aided appellee to get out of the water drain, and during the process of removing her leg from the defective iron grating, her back muscles were seriously strained. It was shown by testimony that she was totally disabled for six weeks and partially disabled for an additional six weeks; and that she was unable to pick and chop cotton or perform her household duties during this time. The attending physician, Dr. Milam, made a charge of $33 for his services. The county court entered judgment in favor of appellee for $400.

Appellants suggest on appeal that the trial court erred in granting a judgment against the City of Cleveland, because (1) The City owed no duty to maintain a drain in the bottom of a gutter in a safe condition for travel by pedestrians; (2) evidence with reference to the defective sidewalk was wholly unrelated to, and did not remotely constitute, a cause of the injuries; (3) appellee could not recover damages by reason of the defective sidewalk by seeking damages for stepping into a defective water drain; and (4) appellants did not have actual or constructive notice that the water drain shield was defective prior to the accident. We are of the opinion that the foregoing assignments of error were not well taken for reasons hereinafter set out.

(Hn 1) Testimony for appellee was introduced to the effect that she "always walked out in the street, and most other people do on account of that upside down block in the sidewalk." Appellee was cross-examined in detail with reference to the defective sidewalk. For example, she was asked: "You held your hands a long way apart to show how far the roots had pushed up the walk. Do you know how high that walk is there where the roots pushed it up? * * * Now, isn't it true, Rosie Lee, that that walk is pushed up higher on one side than it is on the other?" Mr. Brock, appellant's

witness, testified that the sidewalk was broken within five feet of the water meter, and he was familiar with the point where the tree was located. We think this testimony was competent. It is obvious that this testimony was introduced for the purpose of showing the reason appellee chose to use the paved street, rather than the paved sidewalk, in front of her home.

In the case of Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42, appellant, in an effort to avoid an automobile collision, stepped into an uncovered concrete catch-basin, constructed and maintained by the Town of Lucedale as a part of the street system. The basin had been uncovered for more than four years. The trial court sustained a motion for a directed verdict. On appeal, this Court, in reversing the case, pointed out that "The catch-basin here in question was not a remote cause. It was continuing, ever present; it was an open catch-basin into which any unwary pedestrian might stumble under many different circumstances. It was therefore present and continuing, contributing and concurring in the act of the driver of the automobile; and this would be true even if the concurring cause related back to the collision."

(Hn 2) In the construction and maintenance of streets and other public ways, the city is under a duty to exercise reasonable care, the standard of care being that of an ordinarily prudent person. (Hn 3) It may be said that the measure of the duty of a municipality in reference to the maintenance of a public street and sidewalk is that it exercise reasonable and ordinary care to keep them in a reasonably safe condition for travel thereon by those who use them in the exercise of ordinary care. This rule has been recognized by this Court many times and reference is made to citations in the case of Hawkins v. City of Natchez, 242 Miss. 91, 133 So. 2d 610. See also City of Meridian v. Crook, 109 Miss. 700, 69 So. 182; Rahm v. Mayor, etc. of City of Vicksburg, 255 F.

541 (1919); City of Jackson v. Clark, 152 Miss. 731, 118 So. 350; City of Natchez v. Shields, 74 Miss. 871, 21 So. 797.

(Hn 4) Appellee cites the case of City of Greenville v. Williams, 213 Miss. 564, 57 So. 2d 266, in which the testimony showed that a pedestrian stepped off the sidewalk and caught her heel in a crevice, two or three inches wide, next to a catch-basin maintained for storm sewerage, causing her to fall and break her arm. The contention of appellant in the case now before the Court is to the effect that, since appellee stepped off the sidewalk and onto Ruby Street, it is controlled by the case of City of Greenville v. Williams, supra, because in that case the pedestrian was also injured at a time when she stepped off the sidewalk. It will be observed that the case of City of Greenville v. Williams, supra, cited the case of City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, and stated: ''Upon appeal this Court pointed out that under the evidence the depression or crevice was between one-half inch and three inches in width and between eighteen inches and two feet in length. The Court there held that the maintenance of such a crevice does not constitute actionable negligence on the part of the city.'' The Court pointed out in the case of City of Greenville v. Laury, supra, that ''The question then is, Could the jury have justly said that this crevice in the appellant's street was of such character as to make the street unsafe for use by persons in the exercise of reasonable care, and that an ordinarily prudent person ought reasonably to have anticipated that some injury would probably result therefrom to a person using the street and exercising reasonable care and caution in so doing?'' It is apparent that these cases are based upon ''foreseeability'' on the part of the city that such a defect in the street would probably result in injury. Doctrine is not mentioned, but it is obvious from the concurring opinion of Judge Anderson in the Laury

case, supra, that the Court took into consideration the so-called doctrine of "trivial defect." This doctrine simply means that where a defect in a sidewalk or street is so trivial as not to meet the test of foreseeability — that is to say, such defect could have been reasonably anticipated to cause injury — the question of negligence is not submitted to the jury, and the courts hold as a matter of law that there was no negligence on the part of a municipality in permitting it to exist. Hughes, et ux v. Sewerage and Water Board of the City of New Orleans, et al., 70 So. 2d 760 (La. 1954); 25 Am. Jur., Highways, Sec. 488, p. 774.

(Hn 5) We believe that the defect in the iron grating covering the water drain on Ruby Street in the City of Cleveland was not such a trivial defect, under the facts in this case, as would under the law exempt appellant from liability on the ground that it was not of such magnitude as would likely cause injury. Here, we are not dealing with a slight depression or hole in the street, but a deep water drain, large enough to permit appellee's foot and leg to go through the hole in the cover and deep enough so that her leg was injured above her knee as she dropped down into it.

(Hn 6) Under the facts in this case, we believe that appellant was not exempt from liability for negligence on the ground that appellee walked out into a paved portion of Ruby Street instead of walking on the sidewalk because the testimony submitted to the trial judge indicates that the sidewalk was in bad condition. Moreover, this fact was known to the City. It was also shown that Ruby Street was a densely populated area, and persons living there customarily used the paved portion of Ruby Street for pedestrian-travel. (Hn 7) We have heretofore pointed out in the case of Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So. 2d 827, that a pedestrian has a right to presume, in the absence of knowledge to the contrary, that the portion of the street customarily

traveled is reasonably safe and, if desiring to cross or enter the street, is not confined to a regular crossing.

We have held that where pedestrians have traveled a pathway for years with knowledge of the city, it was incumbent upon the city to take the necessary steps to do away with a danger along the way, which, in all probability, would ultimately cause injury. Standard Oil Co., Inc., et al. v. Decell, 166 So. 379 (Miss.). Cf. 25 Am. Jur., Highways, Sec. 452, p. 744. We have also held that a city may be liable for negligence, where it permits a hole to exist close enough to the street so as to be hazardous, even though the hole is not within the confines of the street. Brewer v. Town of Lucedale, supra.

(Hn 8) We are therefore of the opinion that there is sufficient evidence in the record in this case of negligence on the part of the city to constitute a question for the jury, as to the foreseeability of this injury, both as to the nature of the defect and the liklihood that persons would walk into the street at the point where the defective water drain cover was maintained.

We are also of the opinion that the second and third assignments of error are not applicable here because the evidence is not based on a suit for damages growing out of a defective sidewalk.

(Hn 9) The final assignment of error, in which appellant complains that the City of Cleveland did not have actual or constructive notice of the existence of the defective drain cover, presents a question of fact. We have examined the evidence, and although it is not clear that actual notice was given to the City, there is sufficient testimony to establish that the defective cover had existed on the water drain in the street for many months and that the employees of the City passed near this drain at least once a month, and checked water meters within a short distance of the drain. The City Superintendent of Streets and Water admitted that he

knew of the defective sidewalk, and also admitted that as soon as he learned that appellant had fallen into the drain, he changed the cover because "it was in bad shape." He denied, however, knowing about the defect in the drain cover before the accident.

(Hn 10) This Court has held that the question as to whether or not a defect has existed in the street for a sufficient time to constitute constructive notice is a question of fact for the determination of the jury. See City of Lumberton v. Schrader, et al., 176 Miss. 272, 168 So. 77; Warren v. City of Tupelo, 187 Miss. 816, 194 So. 293; City of Hattiesburg v. Kelly, 226 Miss. 529, 84 So. 2d 680; City of Corinth, Mississippi v. Gilmore, et al., 236 Miss. 296, 110 So. 2d 606.

The County Court, sitting as judge and jury, resolved all issues of fact in favor of appellee, and since we find no reversible error in the record of the trial, we are of the opinion that the judgment of the Circuit Court affirming the judgment of the County Court should therefore be affirmed.

Affirmed.

*McGehee, C. J., and Kyle, Ethridge and Gillespie, JJ.,* concur.