## Hawkins *v.* Hillman.

No. 42536        January 21, 1963        149 So. 2d 17

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellant.

*Boyce Holleman,* Wiggins; *Donald W. Cumbest,* Pascagoula, for appellee.

KYLE, J.

The appellee, Anglo F. Hillman, plaintiff in the court below, recovered a judgment in the Circuit Court of Jackson County against the appellant, Mrs. Aurealia Hawkins, defendant, for the sum of $2,500 in an action for damages for personal injuries alleged to have been sustained by the appellee as a result of the negligent operation by the appellant of her automobile which collided with a laundry truck being driven by the appellee. After the judgment had been entered the appellant filed

a motion for judgment notwithstanding the verdict of the jury, or in the alternative for a new trial. The motion was overruled, and the case is now before us on appeal from the judgment rendered against the appellant for the above stated amount.

The appellant has assigned and argued three points as grounds for reversal of the judgment of the lower court: (1) That the court erred in refusing to grant the defendant's instruction No. 1 directing the jury to find for the defendant; (2) that the court erred in overruling the defendant's motion for a judgment notwithstanding the verdict of the jury, or in the alternative for a new trial; and (3) that the verdict of the jury is against the overwhelming weight of the evidence.

The record shows that the accident occurred about ten minutes before 8 o'clock at the intersection of King Avenue and 13th Street, in the City of Pascagoula. King Avenue runs east and west, and 13th Street runs north and south. There was a stop sign on King Avenue at the entrance to the intersection requiring traffic moving west on King Avenue to stop before entering the intersection.

The appellee, Angelo F. Hillman, testified that he was driving a Volkswagen truck westwardly on King Avenue for the Milnor Laundry; and that he came to a stop at the 13th Street intersection; that he looked down 13th Street and up 13th Street; that it was foggy, and he never did see appellant's car as it approached the intersection. He stated he had practically crossed the intersection at the time of the collision, when the automobile driven by appellant struck the Volkswagen truck. He was driving at a rate of speed of about five miles per hour at the time of the collision. He was rendered unconscious as a result of the impact, and was carried to the hospital. He did not know what happened to his vehicle or the appellant's vehicle after the collision. The appellee stated that he stayed in the hospital 14

days and underwent surgery; that he suffered a fractured skull and breastbone and a fractured shoulder blade. His lungs were also punctured. The appellee identified a photograph of the vehicle which he was driving and which the evidence shows capsized after it was hit.

The appellant, who was called to testify as an adverse witness by the appellee, testified that she was driving her vehicle in a northerly direction on 13th Street at a rate of speed of approximately 25 miles per hour; that she saw the appellee as he approached the intersection and that the appellee did not slow down or stop at the intersection. The appellant was asked did she slow her car down. Her answer was, "I don't remember that I particularly slowed it down any more than 25 miles an hour." The appellant stated that the appellee hit her car and knocked it out of control, and that her car kept going. The front end of her car was damaged. She was then asked whether there was any damage done to her car other than the front end. Her answer was, "Yes, where the impact went into the house, where it finally landed into the house." The appellant stated that her daughter, Donna Ann, was in the car with her, and also Flo Ann Snell, the daughter of a neighbor. Both the vehicles went over into the yard on the northwest corner of the intersection. The appellant stated that the appellee was coming west on King Avenue at the time of the collision. There was nothing to keep her from seeing the vehicle coming across the intersection. The appellant repeated her statement that the appellee did not slow down as he approached the intersection.

William Howard Pope, Jr., a member of the police department, testified that he was called to investigate the accident a few minutes after the collision. He found the Volkswagen truck which was being driven by the appellee turned upside down on the residence lot at the northwest corner of the intersection. The left side of the truck was mashed in and there were two headlight prints

on the side of the truck where the car hit it. The police officer stated that the appellant's car after the collision proceeded on in a northerly direction and hit the portico of a house on a corner, went through the portico and hit an automobile which was parked in the portico. The police officer identified several photographs showing the position and condition of the two vehicles at the time he arrived at the scene of the accident.

Dr. Herbert H. Robinson, who examined and treated the appellee after he was carried to the hospital, testified that the appellee had a fracture of the right shoulder blade and a severe respiratory stress. An emergency operation was performed on his neck to release the air to keep it from compressing his windpipe, and a tube had to be inserted in his chest. The appellee had a partially collapsed lung caused by the puncture of the lung. The doctor stated that the appellee's condition was very critical at the time he performed the surgical operation. The doctor's bill for medical and surgical services rendered amounted to $425. Other witnesses testified on behalf of the respective parties, but it is not necessary that we relate the details of their testimony.

We think there was no error in the court's refusal to grant the appellant's requested instruction for a directed verdict, or in the court's action in overruling the appellant's motion for judgment notwithstanding the verdict of the jury.

This Court has held in a long line of cases that, in determining whether the defendant is entitled to a directed verdict, the evidence must be treated as proving every fact favorable to the plaintiff's case which is established either directly or by reasonable inference. Johnston v. Canton Flying Services, Inc., 209 Miss. 226, 46 So. 2d 533; Grice v. Central Electric Power Assn., 230 Miss. 437, 92 So. 2d 837; Green v. Gulf, Mobile & Ohio Railroad Co. (Miss. 1962), 141 So. 2d 216. This Court has also held that the same rule applies to a

motion for a judgment notwithstanding the verdict. Grice v. Central Electric Power Assn., supra; Green v. Gulf, Mobile & Ohio Railroad Co., supra.

The jury in this case had before it the testimony of the parties involved in the accident and the testimony of two officers who arrived at the scene of the accident a few minutes after it occurred, and who testified concerning the location of the two vehicles when they came to rest, the damage done to each of the vehicles as a result of the collision, the location of the debris in the intersection, and the lack of skidmarks on 13th Street. The jury also had before it photographs of the scene of the accident and the wrecked vehicles as they appeared immediately after the accident.

■■ We think there was sufficient evidence in the record to warrant a finding that the appellant was guilty of negligence in failing to maintain a proper lookout and reduce the speed of her automobile as she approached the intersection, and in failing to keep her vehicle under proper control as she entered the intersection. We also think there was sufficient evidence in the record, if believed, to justify a finding that the appellee was guilty of contributory negligence in failing to obey the stop sign when he arrived at the intersection, and in failing to maintain a proper lookout for other vehicles as he entered the intersection.

■■ All questions of negligence and contributory negligence in cases of this kind are for the jury to determine. Sec. 1455, Miss. Code of 1942, Rec. The fact that the person injured may have been guilty of contributory negligence does not bar recovery; but if the jury finds that the person injured has been guilty of contributory negligence it is the duty of the jury to diminish the amount of the damages, in proportion to the amount of negligence attributable to the person injured. Section 1454, Miss. Code of 1942, Rec. The issues of negligence and contributory negligence in this case were submitted

to the jury under proper instructions of the court. From the nature of the appellee's injuries as shown by the evidence and the amount of the verdict awarded, it seems clear that the jury found that both parties were at fault, and that the jury diminished the amount of the damages suffered by the appellee in proportion to the amount of negligence attributable to him.

We find no reversible error in the record and the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, Rodgers and Jones, JJ.,* concur.