GILLESPIE, Presiding Justice:
Jack Carlize, plaintiff below and appellant here, sued John L. Richards, defendant below and appellee here, in the County-Court of Bolivar County to recover damages for personal injuries. The case was submitted to the jury resulting in a verdict for plaintiff in the sum of $2,500. The trial court sustained a motion for a judgment notwithstanding the verdict and entered judgment for defendant. Plaintiff appealed to the circuit court where the judgment of the county court was affirmed and from the order of the circuit court the plaintiff has appealed to this Court.
The question for our decision is whether the trial court erred in sustaining the defendant’s motion for judgment notwithstanding the verdict. Stated differently, the question is whether the testimony on behalf of plaintiff made a jury question. The test for determining whether such motion should be sustained is the same as that applied where there is a motion for a directed verdict or peremptory instruction. Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965). In Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963), it was said:
This Court has held in a long line of cases that, in determining whether the defendant is entitled to a directed verdict, the evidence must be treated as proving every fact favorable to the plaintiff’s case which is established either directly or by reasonable inference. 245 Miss. at 389, 149 So.2d at 19.
The motion for a directed verdict or a motion for judgment notwithstanding the verdict should be overruled, even though a verdict in favor of the plaintiff would be contrary to the overwhelming weight of the evidence. Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924, 175 So.2d 136 (1965).
We state the facts in the light most favorable to the plaintiff in view of the foregoing authorities.
The accident occurred at 11:45 p. m. on Christmas Eve on Chrisman Avenue in Cleveland, Mississippi. Chrisman Avenue runs north and south and is about eighteen feet wide, surfaced with gravel. On the night of the accident the streets were covered with snow and ice and it was very cold. Defendant was driving north on Chrisman Avenue when his car stalled because of a dead battery. Defendant stopped his automobile at an angle four or five feet west of the east side of the street. Defendant flagged the plaintiff, who was travelling south, and requested plaintiff to position his car so that its front end would be immediately in front of the defendant’s car. Defendant desired to start his car by using a jump cable. Plaintiff complied with this request and drove his car to a position on the east side of Chrisman Avenue so that the cars were facing each other with the front bumpers about two feet apart. His lights were on. Defendant and his nephew got out of defendant’s car and raised the hood on defendant’s car. It was then without any lights because the battery was dead. Defendant was unable to raise the hood of the plaintiff’s car and requested the plaintiff to get out and raise the hood, which the plaintiff consented to do. As plaintiff went between the two vehicles the defendant moved to the west so that there would be sufficient room between the two cars for the plaintiff and defendant’s nephew to stand. As plaintiff went between the cars he requested defendant to watch out for traffic. About this time one Wardlaw, who was driving south, stopped on the west side of Chrisman Avenue with his bright lights on. Wardlaw asked defendant if any help was needed and defend- and replied, “No.” As Wardlaw proceeded south he called out, “Watch out.” This was not heard by the plaintiff, but was heard by the defendant. Defendant testi *424 fied he then looked south and saw a car driven by one Wells coming from the south and almost immediately the Wells’ vehicle struck defendant’s car and drove it against the plaintiff’s car, injuring the plaintiff, who was standing between the two parked vehicles. Wells testified that he did not see the defendant’s darkened car although plaintiff’s lights were on and were shining south. Wells testified that Wardlaw’s lights blinded him but that after Wardlaw had moved some distance south he was not blinded by Wardlaw’s lights, and then he saw the defendant’s vehicle when he was 30 or 40 feet away. Wells said he was travelling about twenty miles per hour. He stated that when he saw defendant’s car he immediately applied his brakes but because of the snow and ice he could not stop without striking it. The blow was very light but was sufficient to push defendant’s vehicle into and against the plaintiff’s car and to injure plaintiff.
We are of the opinion that the evidence was sufficient to justify the jury in finding that when plaintiff went between the two vehicles he was placed in a dangerous position because of (1) weather conditions, (2) the narrowness of the street, and (3) the fact that defendant’s vehicle was unlighted. Wardlaw’s lights shining south increased the probability of defendant’s car being struck by some vehicle coming from the south. The jury was justified in finding, under the existing circumstances, the defendant was under a duty to watch for traffic and to warn the plaintiff of the approach of any vehicle from the south. The defendant testified that when he saw the Wells’ vehicle, he did not have time to warn the plaintiff. The jury had a right to reject this testimony because Wells testified that Wardlaw had moved a sufficient distance south so that his lights did not blind Wells when Wells was 30 or 40 feet south of the defendant’s vehicle. The jury was also justified in finding that if defend- and had exercised reasonable care to watch for traffic coming from the south he would have been able to see the Wells car in sufficient time to warn plaintiff and enable plaintiff to move to a place of safety.
It is common knowledge that many serious traffic accidents are caused by the presence of unlighted vehicles in travelled lanes of highways and streets. The jury had ample evidence to find that defendant’s unlighted vehicle occupied more than half of the eighteen or twenty foot width of Chrisman Avenue. It prevented the lights of plaintiff’s car from shining south. Wardlaw’s lights were shining south. The street was covered with ice and snow. Plaintiff recognized the hazards of being between the cars when he asked defendant to watch for traffic. Wardlaw recognized the danger of a northbound car striking defendant’s car when he called out, “Watch out.” Under all these circumstances the jury could find that defendant’s failure to watch for northbound traffic and warn plaintiff subjected plaintiff to an unreasonable risk of injury. Defendant was responsible for placing plaintiff between the cars. If this involved an unreasonable risk of harm it was defendant’s duty to give the protection of exercising reasonable care to warn plaintiff of the approach of vehicles coming from the south. Because of his failure to see the approaching Wells car and to warn plaintiff of its approach the jury was justified in finding that the conduct of defendant fell below the standard established by law for the protection of others from unreasonably great risk of harm. Prosser, Law of Torts, Section 30 (2d Ed. 1955).
Appellee contends that the injury to plaintiff was caused by the negligent act of Wells in running into defendant’s car, and that the negligence of Wells was an efficient intervening cause which superseded any negligence of defendant. This argument may háve some validity (as to which we express no opinion) insofar as it applied to the parking of defendant’s car in the northbound lane of traffic some four or five feet from the east side of the street, one of the charges of negligence in the declaration. We base our decision, how *425 ever, on the failure of defendant to watch for traffic and warn plaintiff of the approach of the Wells car, which omission on the part of the defendant was continuing and concurring to the moment of injury. Defendant’s negligence was not a prior negligent act which Wells’ negligence superseded.
We are, therefore, of the opinion that the trial court erred in sustaining the motion for judgment notwithstanding the verdict. Judgment is reversed and the verdict reinstated and judgment rendered here for appellant.
Reversed and rendered.
All Justices concur.