ROBERTSON, Justice.
The appellant, Mrs. A. M. Wilson, tripped over the horizontal portion of a penny weighing scale extending out on a public sidewalk in Hattiesburg, Mississippi, and injured herself. She brought suit in the Circuit Court of Forrest County against appellees, C. L. Kirkwood, d/b/a Kirkwood Scales Company, the owner of the scales; James D. Faughn, d/b/a The Recreation Center, in front of whose business establishment the weighing scales were placed; and The City of Hattiesburg.
At the close of the plaintiff’s case, the court sustained motions for directed verdicts for all defendants. Mrs. Wilson appeals from the judgment in favor of Kirk-wood and Faughn; she does not appeal from the judgment for The City of Hatties-burg.
The appellant, 73 years old, and her friend, Mrs. Teichmann, were walking along the south side of Hardy Street in Hattiesburg in an easterly direction. Mrs. Wilson wanted to show Mrs. Teichmann The Recreation Center, which was owned and operated by James T. Faughn, the son-in-law of Mrs. Wilson.
There were two doors fronting on the public sidewalk ostensibly provided for entering The Recreation Center. The doors were inset about 6 inches in the brick front of The Center, and were separated by a brick partition about 23 inches wide. The weighing scales were located in this space between the two doors and were backed against the brick partition. The sidewalk *81 in front of The Recreation Center is about 5 Yz feet wide, and the weighing platform of the penny scales stands about 6 inches high and protrudes onto the sidewalk about 27 inches. It thus occupies and obstructs about 41.35% of the public sidewalk. The upright portion of the weighing scales protrudes into the space above the sidewalk about 10 inches at the bottom and one inch at the top.
Mrs. Wilson and her friend approached the west door of The Recreation Center and, when directly in front of and facing this glass door, noted a small sign thereon about eye level which read: “Please use other door.” She looked east, saw the other door, and took a step in that direction. She tripped over the platform of the weighing scales and was injured.
The sole question before this Court is whether the evidence adduced raised a question of negligence for the jury to decide.
Kirkwood and Faughn contend that the weighing scales were open, obvious, and visible for all who have eyes to see and that the sole proximate cause of appellant’s injuries was her negligence in not seeing what she should have seen.
The appellant answers that the 6-inch-high weighing platform occupies and obstructs about 411/3% of the sidewalk provided for the use of the general public and that the appellant’s attention was momentarily diverted from the sidewalk to the eye-level sign on the door of The Recreation Center instructing her to use the other door.
We said in Mock v. Natchez Garden Club, 230 Miss. 377, 92 So.2d 562 (1957):
“[T]hat if reasonable men might have a difference of opinion as to whether or not the negligence of the actor constituted a substantial factor in bringing about the injury, then the question is for the jury. We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury. Id. at 382, 92 So.2d at 563. (Emphasis added.)
Section 1455 Mississippi Code 1942 Annotated (1956) provides:
“All questions of negligence and contributory negligence shall be for the jury to determine.”
We feel that the testimony in this case raised a question of negligence on the part of the owner of the weighing scales and the owner of the business establishment in front of whose place of business the weighing scales were placed that should have been submitted to the jury to decide. We reverse the judgment of the circuit court and remand this case for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON, and INZER, JJ., concur.