PATTERSON, Justice:
This appeal arises from the Circuit Court of Hancock County. The trial judge there granted a directed verdict for the defendants when the plaintiff rested his case. The sole issue on appeal is whether the court erred in directing the verdict. After considering the facts, hereinafter set out in detail, we conclude there was sufficient evidence to constitute a jury issue. We therefore reverse and remand for a new trial.
This litigation is the result of an automobile accident in which Sean Logan, a pedestrian, was struck and injured by an automobile driven by Mrs. Ruby Thomas, the defendant. The record reveals that Mrs. Thomas, accompanied by three of her children, was driving her car in an easterly direction on Main Street in the city of Bay St. Louis on the morning of October 14, 1967. Mrs. Thomas stopped her automobile momentarily in compliance with a “stop sign” at the intersection of Necaise Avenue and Main Street and thereafter continued in an easterly direction along Main Street.
Judge Rhodes, a justice of the peace and a cousin of Mrs. Thomas’ husband, owned the first house some fifty or sixty feet east of the intersection and south of Main Street. As Mrs. Thomas passed the intersection, she observed Judge Rhodes on the steps of his home conversing with another man. An automobile was parked on the south side of Main Street very near the two men. Immediately east of the Rhodes home there is an automobile driveway extending from Main Street into the Rhodes property. In this driveway, several feet south of Main Street, there was a pile of gravel, evidently placed there for building purposes. There is also south of Main Street and east of the Rhodes driveway a telephone pole which has some evidentiary significance.
The defendant’s view of Main Street from its intersection with Necaise Avenue was unobstructed other than the automobile parked in front of the Rhodes home. The photographs in evidence disclose that the driver of an automobile proceeding in an easterly direction in his traffic lane on Main Street would have, from the intersection of Necaise Avenue, an unobstructed view of the driveway into the Rhodes *482 property south of the parked automobile, as well as an unobstructed view of Main Street to the east and north of the parked automobile.
As Mrs. Thomas approached the Rhodes home, Sean Logan, with his three brothers, awaited their grandmother on the opposite side of the street who was to take them upon a trip to the country. The home of Mrs. Egloff, the grandmother, is situated on the north side of Main Street slightly east of the Rhodes home. Sean Logan, who was then three years of age and three and one-half feet in height, was engaged in the childhood activity of transporting gravel from the pile in the Rhodes driveway to a toy truck in the driveway of the Egloff home. His trips from the gravel pile on the south side of the street to his truck on the north side were hastened since the material would slip through his fingers. The scene was thus set for the ensuing accident.
Mrs. Thomas, called as an adverse witness by the plaintiff, testified that she was driving no more than twelve to fifteen miles per hour as she approached the parked automobile in front of the Rhodes home. She stated that she observed Judge Rhodes with another person near the automobile prior to the accident. She testified:
Well, I started up and I saw these two men and the parked car. I had just started off from the intersection and I had to slow again to go around the parked car. I looked ahead to see if anything was coming and there was nothing, so I was going around the parked car when the child was hit.

A. As I was passing the parked car, I felt an impact, like a bump, and I threw the brakes on immediately. I knew I had hit something, but I thought it was a dog, and I turned to the back seat and said to the children, “My God, I believe I hit something. Did you see anything” ? And they said “no, we didn’t see anything.” I thought it must have been a dog.
Q. How far past the parked car were you when you felt something?
A. I think it was almost even with it, the front of my car was almost even with the parked car, or past it.
The testimony of Mrs. Thomas as to slowness of speed is corroborated by other witnesses in that they testified she stopped her car within six feet after striking the Logan child. This is also borne out by other testimony that the automobile came to a stop before it cleared Sean’s body.
The testimony of Hank Logan, Jr., who was eleven years of age at the time of trial and who was properly qualified as a witness by the court and accepted as such by the parties to the suit, was that the photographs introduced correctly depicted the scene of the accident. He marked thereon, at the instance of the attorneys, the gravel pile, the center of the driveway, and just east thereof, the telephone pole. He gave evidence as follows:
Q. Can you tell me in what direction Sean ran across the street ?
A. Like this, from one side of the telephone post to where the sidewalk is leading into the porch of grandmother’s house.
Q. Did he run straight across ?
A. Not straight across.
Q. Which way did he run ?
A. He ran like this, from this corner to this corner.
BY MR. SYKES: Let the record reflect that the witness is referring to a *483 Court file and tracing a diagonal on the Court file as the direction the child ran.
BY THE COURT: Very well.
BY MR. LOGAN: (Continuing)
Q. Was he running toward the house of your grandmother ?
A. Yes.
Q. In that direction ?
A. Yes, sir.
Q. Did you see the automobile strike Sean?
A. Yes, sir.
Q. Where was Sean when the automobile struck him ?
A. He was on the left side, by the driver’s side and the driver’s side hit him.
Q. How close was he to the other side of the street ?
A. Three or four feet.
This testimony, as we understand it, was that Sean was travelling in a diagonal direction (slightly east of north as we view the photographs) across the street from near the telephone pole east of the Rhodes driveway to either his truck in the Egloff driveway or to the sidewalk leading into the Egloff home when he was struck about three feet from the north curb of Main Street by the left front fender of the defendant’s automobile.
Judge Rhodes testified that he did not see the Thomas car strike the child because his view was obstructed by the automobile. He did state, however, in response to a question propounded by the court that the Thomas automobile was passing the parked automobile when the Logan child ran out in front of it. He qualified this statement, however, by testifying that the parked automobile was approximately two feet west of the western edge of his driveway and that the driveway was some six to eight feet wide, but that he did not know if the child ran from the middle of his driveway “or how he was.” He further testified that the eastern edge of his house was approximately ten feet west of the Egloff house on the north side of Main Street and that the Egloff driveway to which Sean was carrying the gravel was immediately west of the Egloff home.
This Court has held in many cases that in determining whether the defendant is entitled to a directed verdict, the evidence must be treated as proving every fact favorable to the plaintiff’s case which is established either directly or by reasonable inferences. Carlize v. Richards, 216 So.2d 422 (Miss.1968), and Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963). In accepting this standard we are of the opinion that a jury issue emerges from the factual situation. Judge Rhodes stated that the defendant was passing the parked automobile at the time Sean ran into the street. He did not qualify the word “passing” to indicate whether the defendant’s automobile was beginning to pass, was midway of passing, or nearly passed the parked automobile at the time the child ran into the street. Mrs. Thomas stated she was about “even” with the parked car. Judge Rhodes testified, however, that the front of the parked automobile was two feet west of his driveway and that the driveway was from six to eight feet wide. The telephone pole, depicted in the photographs, which are verified as accurate, is indicated to be some few feet east of the Rhodes driveway.
Hank Logan, Jr.’s testimony is that Sean ran into the street from near the telephone *484 pole on the south. It thus appears that Sean, who was three and one-half feet tall, traversed seventeen feet of Main Street which was twenty feet in width, directly in front of the defendant’s automobile without being- observed by her until after he had been struck by the left front fender and was lying under the automobile.
The question presented to the Court is not whether the driver could have stopped the automobile had she seen the child, as was the case in Smith v. Alford, 245 So.2d 188 (Miss.1971), but rather the issue is whether the defendant should have seen the child and if so, could she have stopped her automobile or taken other evasive action as a reasonable person to prevent the accident. In our opinion this presents a question for the jury to determine. The criteria for determining whether the facts present a jury issue are set out in Carlise, supra, wherein we stated:
The motion for a directed verdict or a motion for judgment notwithstanding the verdict should be overruled, even though a verdict in favor of the plaintiff would be contrary to the overwhelming weight of the evidence. Dehmer v. Hederman, 252 Miss. 839, 173 So.2d 924, 175 So.2d 136 (1965). 216 So.2d at 423.
After careful consideration of the testimony, including the photographs, we are of the opinion that a jury issue was presented and that the court erred in sustaining the defendants’ motion for a directed verdict in favor of Mrs. Thomas, but that it was properly sustained as to her husband.
Affirmed as to Gustave D. Thomas; reversed and remanded as to Mrs. Ruby F. Thomas.
RODGERS, P. J., and SMITH, ROBERTSON and SUGG, JJ., concur.