339 So.2d 1359 (1976)
Beth LANCASTER, a minor, by next friend,
v.
CITY OF CLARKSDALE.
No. 48910.
Supreme Court of Mississippi.
November 2, 1976.
Rehearing Denied November 30, 1976.
*1360 Holcomb, Dunbar, Connell, Merkel & Tollison, Charles M. Merkel, Clarksdale, for appellant.
Luckett & Barnwell, W.O. Luckett, Jr., Clarksdale, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
ROBERTSON, Justice, for the Court:
Beth Lancaster, a 12-year-old minor, by next friend, sued the city of Clarksdale, Mississippi, in the Circuit Court of Coahoma County for damages sustained when she walked into a traffic control box protruding about 30 to 36 inches over the public sidewalk at a height of about 58 1/2 inches. The jury returned a verdict of $12,500.
The city of Clarksdale moved for a judgment notwithstanding the verdict. That motion was sustained and the trial court rendered judgment for the defendant, the city of Clarksdale.
Beth Lancaster appeals. She contends that the trial court erred, its judgment should be set aside, and the verdict of the jury for $12,500 reinstated.
Beth testified that on April 1, 1974, about 2:30 p.m., her mother picked her up after school and brought her downtown to the beauty shop to have her hair cut and set. Her mother let her out on the north side of East Second Street in downtown Clarksdale. She crossed to the south side and started walking west on the sidewalk. She stated that she was looking down at the sidewalk to see that she would not trip over anything and that she hit her head on the traffic control box without ever seeing it. She was taken to the hospital.
The doctor testified that it was a rather deep laceration extending vertically from the middle of her forehead at eyebrow level about 3 1/2 inches. It took between 15 and 20 stitches to close the wound. Beth and her mother testified that she had tried to cover up the 3 1/2 inch scar, but because of its location it was impossible to do. She will have plastic surgery in the near future to try to eliminate the scar.
A city engineer testified that the traffic control box was located about 5 feet above the sidewalk and protruded about 30 inches over the sidewalk measuring from the curb which was the north boundary of the sidewalk. The sidewalk was about 5 or 6 feet wide.
This particular box was the master control box for the whole downtown system. Its location was chosen by a consulting traffic light firm and the firm selling these particular traffic controllers. The main consideration in locating the control box at that height was ease of operation and maintenance. The testimony was that if the control box had been located on the opposite side of the utility pole it might have been damaged by a motor vehicle attempting to use the parking space. Two other witnesses testified that they had walked into this same traffic control box and had injured themselves.
The principal reason for sidewalks is to provide a reasonably safe place for members of the general public to walk. Business establishments frequently have display windows facing the sidewalk so that pedestrians can windowshop. Frequently people walk with their friends on the sidewalks. This they have a right to do. Members of the public using the sidewalks are not under a duty to single-mindedly be on the alert at all times to avoid possible obstructions that have been placed there by the city officials or their agents.
This Court has distinguished between defects in sidewalks caused by nature or adverse weather conditions and defects or obstructions created by the municipality itself. We have been much more prone to hold that it is a jury question where the municipality has created the defect or obstruction. City of Cleveland v. Threadgill, 246 Miss. 23, 148 So.2d 670 (1963); Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.2d 827 (1941).
In Wilson v. Kirkwood, 221 So.2d 79 (Miss. 1969), this Court held that the trial *1361 court should not have directed a verdict for the owner of a penny weighing scale and the owner of a business establishment in front of which the weighing scale was placed, where the weighing scale protruded about 27 inches onto the sidewalk and a pedestrian was injured when she tripped over the platform part of the weighing scale. We held that it was a question for the jury.
The contentions of the litigants in Wilson was stated by the Court in this way:
"Kirkwood and Faughn contend that the weighing scales were open, obvious, and visible for all who have eyes to see and that the sole proximate cause of appellant's injuries was her negligence in not seeing what she should have seen.
"The appellant answers that the 6-inch-high weighing platform occupies and obstructs about 41 1/3% of the sidewalk provided for the use of the general public and that the appellant's attention was momentarily diverted from the sidewalk to the eye-level sign on the door of The Recreation Center instructing her to use the other door." 221 So.2d at 81.
In Wilson, we quoted with approval from Mock v. Natchez Garden Club, 230 Miss. 377, 92 So.2d 562 (1957), wherein the Court set forth the standard to be applied in deciding whether a directed verdict should be given:
"We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury. Id. at 382, 92 So.2d at 563." 221 So.2d at 81.
In Carlize v. Richards, 216 So.2d 422 (Miss. 1968), this Court said:
"The question for our decision is whether the trial court erred in sustaining the defendant's motion for judgment notwithstanding the verdict. Stated differently, the question is whether the testimony on behalf of plaintiff made a jury question. The test for determining whether such motion should be sustained is the same as that applied where there is a motion for a directed verdict or peremptory instruction." 216 So.2d at 423.
It was a question for the jury as to whether this traffic control box was reasonably placed, or whether the City was negligent in locating it at the height that it did. The evidence was ample to support the jury's verdict. We are of the opinion that the trial court erred in sustaining the motion for judgment notwithstanding the verdict.
The judgment is, therefore, reversed, the verdict of the jury for $12,500 reinstated, and judgment rendered here for the appellant.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.