## W. W. Bott and Wife _v._ E. L.. Wood.

1. **Evidence.** _Declarations of deceased subscribing witness. When admissible._
   The attestation of an instrument of writing imports nothing as to its character
   or contents. And when the handwriting of a deceased subscribing witness
   has been proved, in order to establish the existence of an instrument, and it is
   sought to rebut the presumption of due execution arising from his name being
   on the paper, evidence of the declarations of the deceased attesting witness
   must be confined to the circumstance of the execution and attestation of the
   instrument, and is inadmissible as to its nature or contents.

2. **Same.** _Destruction of written instrument. Presumption against destroyer._
   The principle of the maxim _Omnia prœsumuntur in odium spoliatoris_, as
   applicable to the destruction or suppression of a written instrument, is that
   such destruction or suppression raises the presumption that the document, if
   produced, would militate against the party destroying it, and that his conduct
   is attributable to this fact. Hence, slight evidence of the contents of the in-
   strument, in such a case, will usually be sufficient; but the maxim referred to
   should not be carried to the extent of dispensing altogether with the neces-
   sity of other evidence.

3. **Same.** _Omnia prœsumuntur in odium spoliatoris. When applicable._
   It is only in reference to the contents of a paper destroyed or withheld that the
   maxim _Omnia prœsumuntur in odium spoliatoris_ can have any application;
   and where there is express and positive evidence of the contents of such
   paper, there is no place for presumption or inference, and it is improper to
   resort to this maxim.

4. **Will.** _Presumption against destroyer thereof. Instruction to jury._
   Where, upon an issue _devisavit vel non_, it is sought to establish a will which, it
   is claimed, has been destroyed, it is error for the court to give an instruction
   to the jury in which they are told that "every thing may be presumed against
   the destroyer of the will." The charge is too broad and indefinite.

Appeal from the Chancery Court of De Soto County.

Hon. J. C. Gray, Chancellor.

In November, 1874, Edward L. Wood filed a petition in the
Chancery Court for the purpose of having a will probated,
which was alleged to be the last will and testament of his
grandfather, Edward Wood, deceased. The petition stated
that, in 1852, the will was duly executed by Edward Wood,
and placed by him in the hands of Finley Holmes, the mater-
nal grandfather of the petitioner; that after the death of the
testator, which occurred in 1857, his son, Thomas H. Wood,
the father of the petitioner, obtained the will from Holmes,

and burnt and destroyed it; that by this will a large estate in realty had been devised to the petitioner, which his father, Thomas H. Wood, as the sole heir of the testator, had used and enjoyed, and which was finally sold to pay his debts; and that the petitioner did not know of the existence and destruction of the will till the winter of 1871 or 1872; and at the time of his grandfather's death he was a small boy. Thomas H. Wood died in 1861. In 1868, the land which the petitioner claimed as devisee in the will propounded, was sold to pay his father's debts, and W. W. Bott and wife became the purchasers. Mrs. Bott was formerly the widow of Thomas H. Wood, but was married to Bott in 1865. Bott and wife contested the probate of the will. An issue *devisavit vel non* was made up, and tried by a jury.

It was alleged by the petitioner that J. Lawrence Moore was a subscribing witness to the will, but he was then dead. On the trial, H. H. Chalmers was introduced as a witness for the contestants, to prove that Moore once stated to him, in the presence of the petitioner, that "it was all a mistake about the will; but that, in 1852, he prepared and witnessed for Edward Wood a deed of gift, to take effect upon the grantor's death, by which he conveyed to Edward L. Wood and his sister some negroes, and to the petitioner a quarter of a section of land, on which the petitioner was then living; that this deed, which was witnessed by himself and two others, Edward Wood said he intended to deposit with Finley Holmes, to be held until his death; and that Thomas H. Wood told him (Moore) that he got this paper after his father's death, and destroyed it." A witness named Treadwell was offered, to prove that Moore had made to him substantially the same statement. But the petitioner objected to this testimony of Chalmers and Treadwell, and the court excluded it from the jury. J. W. Blanton testified that he was a subscribing witness to the will, and also testified fully as to its contents.

The fourth instruction given for the petitioner was as follows:—

" If the jury are satisfied from the evidence that Thomas H. Wood fraudulently destroyed the will now in controversy, testified to by Blanton as duly executed by his father, every thing may be presumed against the destroyer of the will, *in odium spoliatoris* [meaning in hatred of the spoliator], and against those claiming under him."

The jury rendered a verdict for the proponent of the will, and a decree was entered accordingly.

*White & Chalmers,* for the appellants, filed a brief, but it cannot be found by the reporter.

*Harris & George,* on the same side.

1. The testimony of Chalmers and Treadwell as to the statements made by Moore was competent evidence, because such statements were made in the presence of E. L. Wood, and not denied by him. 2 Ph. on Ev. 107, Cowen & Hill's note, and p. 191 *et seq.* This testimony was also admissible to rebut the effect of the proof that Moore was a subscribing witness to the alleged will. *McElwee* v. *Sutton,* 2 Bailey, 129 ; *Wright* v. *Littleton,* 2 Burr. 1244 ; *Losee* v. *Losee,* 2 Hill, 612, and note ; 2 Ph. on Ev. 764, note 530, and p. 292 ; *ib.* 771, note 533, and p. 308 ; *Doe* v. *Sutton,* 4 Barn. & Adol. 55.

2. The fourth charge given for the appellee was erroneous. The maxim *Omnia praesumuntur in odium spoliatoris* is not a safe guide for a jury. It is not literally true in every case. The most that can be said of the maxim is, that where it is applicable, less certain and satisfactory evidence will be sufficient. Best on Ev., sect. 412 ; 2 Pothier on Oblig. 287 ; 7 Wend. 31. There was nothing in the charges for the appellants to modify this charge given for the appellee.

*J. Z. George,* of counsel for the appellants, argued the case orally.

*Vance & Anderson,* for the appellee.

1. The testimony of Chalmers and Treadwell, as to Moore's declarations, was properly excluded from the jury. *Stobart* v. *Dryden,* 1 Mee. & W. 615 ; 1 Ph. on Ev. (5th Am. ed.) 215 ; 1 Greenl. on Ev., sects. 126, 131–133 ; *Weatherhead* v.

*Sewell*, 9 Humph. 272 ; Swinb. on Wills, pt. 1, sect. 11 ; *Sellars* v. *Sellars*, 2 Heisk. 430 ; *Collins* v. *Nicols*, 1 Har. & J. 339 ; *Melins et al.* v. *Houston*, 41 Miss. 59 ; *Planters' Bank* v. *Walker*, 35 Miss. 83 ; *Hamlin* v. *Nesbit*, 37 Ind. 284. If Wood was present when Moore's declarations were made, he could have no personal knowledge of their truth or falsity, and, therefore, was not called upon to deny them.

2. The fourth instruction given for the appellee was not erroneous. 1 Ph. on Ev. 602, note 177 ; *Harwood* v. *Goodright*, Cow. 92 ; *Carneil's Heirs* v. *Day*, Litt. Sel. Cas. 492 ; *Davis* v. *Spooner*, 3 Pick. 284 ; *Bell* v. *Nance*, Litt. Sel. Cas. 110 ; *Milling* v. *Barbour*, 4 Desau. 558 ; *Allison* v. *Allison*, 7 Dana, 95.

` *J. A. Anderson*, of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It seems to have been determined in England, on full consideration, that where the execution of an instrument is proved by proving the handwriting of an attesting witness ·who is dead, it is not admissible to rebut the presumption of due execution which arises from the name of the subscribing witness having been placed on the instrument, by evidence of *declarations* of such subscribing witness tending to show that the instrument was a forgery. *Stobart* v. *Dryden*, 1 Mee. & W. 615. A contrary doctrine has been announced by several courts in the United States. *McElwee* v. *Sutton*, 2 Bailey, 128 ; *Losee* v. *Losee, Exr.*, etc., 2 Hill, 609 ; *Reformed*, etc., v. *Ten Eyck*, 1 Dutch. 40 ; *Boyland* v. *Meeker*, 4 Dutch. 274 ; *Otterson et al.* v. *Hofford et al.*, 36 N. Y. 129.

The question is undecided in this State, and its decision is not called ·for in this case ; because, whatever may be the proper determination of that question, it must be true that evidence of declarations of a deceased subscribing witness, whose handwriting has been proved, if admitted, must be confined to declarations as to· the *circumstances of attestation*,

and that declarations as to the *contents* of the paper are not admissible. The reasoning to support the admissibility of declarations of a deceased subscribing witness, to rebut the presumption of due execution arising from his name being found on the paper, has no application to evidence of declarations as to the contents of the paper. The evidence of the handwriting of a deceased attesting witness is to establish the *execution* of the instrument, and not its character or contents. The only instances in which declarations of a deceased subscribing witness have been admitted were where they tended to prove fraud or forgery ; in other words, where they related to the circumstances of the execution of the instrument. The purpose for which such declarations have been admitted was to contradict the import of the attestation of such witness. But the attestation imports nothing relative to the contents or character of the instrument, — as being a will, or deed, or other instrument. Therefore, declarations of a deceased subscribing witness are not admissible to show the nature or contents of the paper he subscribed.

It follows that it was not erroneous to refuse to admit the evidence of the witnesses, Chalmers and Treadwell, as to what Moore said as to the nature and subject-matter of the instrument of writing executed by Edward Wood, and attested by him as a subscribing witness.

The principle of the maxim *Omnia præsumuntur in odium spoliatoris*, as applicable to the destruction or suppression of a written instrument, is that such destruction or suppression raises a presumption that the document would, if produced, militate against the party destroying or suppressing it, and that his conduct is attributable to this circumstance, and, therefore, slight evidence of the contents of the instrument will usually, in such a case, be sufficient. There is great danger that the maxim may be carried too far. It cannot properly be pushed to the extent of dispensing with the necessity of other evidence, and should be regarded " as merely matter of inference, in weighing the effect of evidence

in its own nature applicable to the subject in dispute." 2 Best on Ev., sect. 412 *et seq.*

The doctrine is, that unfavorable presumption and intendment shall be against the party who has destroyed an instrument which is the subject of inquiry, in order that he may not gain by his wrong. But where there is express and positive evidence, there is no place for presumption or inference. It is only in reference to the contents of a paper destroyed or withheld that the maxim can have application; and where the contents are proved, there is no occasion for resort to the maxim. In this case, if the evidence of Blanton was sufficient to satisfy the jury as to the terms of the will in dispute, a resort to the maxim under consideration was unnecessary. If that evidence was not sufficient, the principle of the maxim is not sufficient to uphold the verdict.

It is impossible to say that the fourth instruction given to the jury, at the instance of the proponent of the will, did not seriously mislead the jury to the prejudice of the contestants of the will. It was not a proper guide for the jury. It is too broad and indefinite in saying that "every thing may be presumed against the destroyer of the will." It should have been limited to intendment and presumption as to the terms of the will, if given at all; but it is difficult to see of what use it was, except to excite the prejudices of the jury and make their indulgence unlimited. It is true that liberal instructions were granted at the instance of the contestants of the will, but none to cure the error of the instruction for the proponent of the will. We do not find fault with any of the other instructions; and, without any remark upon the evidence, reverse the decree and remand the cause for a new trial.

CHALMERS, J., having been of counsel, did not participate in the decision of this case.