553 So.2d 40 (1989)
James M. GOODWIN
v.
DERRYBERRY COMPANY, a/k/a and d/b/a Specialty Supply Company, Inc.
No. 07-58232.
Supreme Court of Mississippi.
November 15, 1989.
*41 Edward J. Bogen, Jr., McGee & Bogen, Leland, for appellant.
Philip B. Terney, Robertshaw, Terney, Noble & Smith, Greenville, for appellee.
En Banc.

ON PETITION FOR REHEARING
DAN M. LEE, Presiding Justice, for the Court:
In this personal injury action brought in the Circuit Court of Washington County, Mississippi, the jury awarded the plaintiff damages in the amount of $5,652. The trial court, however, granted the defendant's subsequent motion for judgment notwithstanding the verdict. The plaintiff now appeals, assigning as error the trial court's granting of that motion.

FACTS
On December 28, 1983, the appellant, James M. Goodwin, slipped and fell on ice covering the driveway at defendant Specialty Supply Co.'s place of business in Greenville, Mississippi. For several days prior to this incident, the entire Greenville area had experienced severe winter weather, with the temperature ranging from a low of 4° to a high of 27° the three days immediately prior to December 28th. The Greenville area received sleet and freezing rain on the evening of December 26th and a light snowfall on the evening of December 27th. On the morning of December 28th, Goodwin went to Specialty Supply to purchase drainpipes for replacement of pipes under his house trailer. Goodwin was accompanied by Lamar Marcus, the man who was to replace the water pipes.
Arriving at the appellee's place of business, Goodwin parked his red pickup truck on the street, in front of a private driveway adjacent to the business. The appellee's place of business, which faced east, had a front entrance with a hand rail. On the north side of the building was a driveway leading to a parking area. On this side of the building there were two doors, the westernmost of which was also used as an entrance. Beginning at the street, the driveway sloped upward for a few feet, then leveled off at a point east of the two side doors. Goodwin, accompanied by Lamar Marcus, walked up this driveway and entered the building from the side entrance.
While they were in the store, someone announced that the person owning the red pickup truck needed to go out and move it, because it was blocking the private driveway. Goodwin went out the side door to move his truck, and when he reached the slanted area of the driveway, his feet slipped out from under him and he fell flat on his back on the ice.
*42 After the fall, Goodwin went back into the store and completed his purchase, then exited the building through the same side door and walked over the same ice to get back to his truck. On the second exit, Goodwin did not fall.
Later that same day, Goodwin went to the emergency room of the Delta Medical Center, where a doctor examined him and concluded that Goodwin's back was bruised. The next day, Goodwin went back to the Delta Medical Center where he was x-rayed. The x-rays revealed that Goodwin had four fractured ribs. Although Goodwin saw several different doctors during the few weeks following his fall, he was not hospitalized. Goodwin's medical expenses totalled $652.82. Goodwin was 50 years old at the time the accident occurred.
Goodwin brought suit against Specialty Supply Co., Inc., alleging that Specialty Supply had negligently permitted a hazardous condition to exist on its premises, in an area where it knew or should have known that the invited public would travel in entering and leaving the business. Goodwin alleged in his complaint that as a direct and proximate result of the appellee's negligence, he had received painful and disabling injuries. Goodwin sought damages in the amount of $75,000.
Trial was held on November 17, 1986. At trial, Goodwin testified that he saw the ice on Specialty's premises when he arrived there and he could tell that nothing had been done to it. He stated, however, that he was experienced in walking on ice, having lived in Chicago for about three years. Goodwin, who along with his wife operated a convenience store, testified that after the accident he could no longer do his work at the store. He stated that it was approximately a year after the accident before he was completely free from pain, and that he was at the time of trial medically retired. Goodwin admitted on cross-examination that his medical retirement was a result of emphysema, asthma, and arthritis, conditions for which he had been treated before the accident occurred, and that his retirement had nothing to do with the broken ribs.
At the close of the plaintiff's evidence, the appellee Specialty Supply Co. moved for a directed verdict. The trial judge overruled this motion. No testimony was presented by the appellee.
Among the instructions given to the jury were a comparative negligence instruction and a peremptory instruction that the plaintiff James M. Goodwin was negligent. The jury apparently found that Goodwin's negligence was not the sole proximate cause of his injuries and awarded him $5,652 in damages. Following the trial, the appellee Specialty Supply Co. moved for judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur. The trial judge granted the motion for judgment notwithstanding the verdict, set aside the jury verdict and vacated the judgment. Goodwin now appeals, assigning as error the granting of that motion.

DISCUSSION
The only issue before this Court is whether or not the trial judge was correct in granting Specialty Supply Co.'s motion for judgment notwithstanding the verdict. As this Court stated in Stubblefield v. Jesco, Inc., 464 So.2d 47 (Miss. 1984):
The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict. It asks the Court to hold, as a matter of law, that the verdict may not stand.
Id. at 54 (quoting Jesco, Inc. v. Whitehead, 451 So.2d 706, 713 (Miss. 1984) (Robertson, J., specially concurring).
In deciding a motion for judgment notwithstanding the verdict, the trial court must consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that reasonably may be drawn therefrom. The trial court should consider the evidence offered by the non-moving party and any uncontradicted evidence offered by the moving party. If the evidence thus considered is sufficient to support a verdict in favor of the non-moving party, the motion for j.n.o.v. must be denied. Turner v. Turner, 524 So.2d 942, 944 (Miss. 1988); Read v. Southern Pine *43 Electric Power Association, 515 So.2d 916, 919 (Miss. 1987); Baker Service Tools, Inc. v. Buckley, 500 So.2d 970, 972 (Miss. 1987); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975). Upon review of a circuit court's grant or denial of j.n.o.v., we employ the same standard.
The material evidence in this case is not in dispute. While on Specialty Supply's premises for the purpose of purchasing drain pipes, Goodwin slipped and fell, fracturing four ribs. The entire Greenville area, including the area where Goodwin fell, was covered with accumulated sleet, ice, and snow. Specialty Supply's owner was aware of the accumulation of sleet, ice, and snow on his premises, but had done nothing to remove it or to otherwise provide a safe pathway to the side entrance. In his answers to interrogatories, the appellee forthrightly stated: "Inasmuch as the snow was obvious to all, nothing was done to eliminate the condition."
As a customer of Specialty Supply Company, Goodwin was an invitee. It is a rule in this state that the owner or operator of a business owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss. 1988).
The appellee argues, however, that because the accumulation of ice and snow was open and obvious, there was no duty to remove it, and thus no jury question was made on the issue of appellee's negligence. There is, to be sure, some support for appellee's position. See Kroger v. Ware, 512 So.2d 1281, 1282 (Miss. 1987); Fortenberry Drilling Co. v. Mathis, 391 So.2d 105, 106 (Miss. 1980); General Tire & Rubber Company v. Darnell, 221 So.2d 104, 107 (Miss. 1969); Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss. 1967). See also Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646, 648 (Miss. 1988). ("Were appellant an invitee ..., Buddy Jones Ford would have only owed her the duty of exercising reasonable care to keep the premises safe, or of warning Lucas of hidden or concealed perils of which appellee knew or should have known in the exercise of reasonable care... . The ice which caused Lucas to fall was in no way hidden or concealed."); City of Baldwyn v. Rowan, 232 So.2d 157, 160 (Miss. 1970) ("We agree ... that ice and sleet on an inclined street is by its nature dangerous and the city would ordinarily not be liable for damages sustained when one slips thereon."). But we have held in other cases involving hazards that were "open and obvious" that the issue of negligence was properly left to the jury, where the jury was adequately instructed regarding comparative negligence. Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss. 1985). See McIntosh v. Deas, 501 So.2d 367, 370 (Miss. 1987); Lancaster v. City of Clarksdale, 339 So.2d 1359, 1360 (Miss. 1976); King v. Dudley, 286 So.2d 814, 816 (Miss. 1973); Wilson v. Kirkwood, 221 So.2d 79, 81 (Miss. 1969). See also F.W. Woolworth Co. v. Stokes, 191 So.2d 411, 418 (Miss. 1986) (Where an invitee falls on a floor made slippery by moisture tracked in during inclement weather, the liability of the business owner having knowledge of the hazardous condition depends on whether, under the circumstances, he has exercised ordinary care to correct the condition. This presents a question for the jury.)
In the present case, however, we think that it was a question for the jury as to whether or not the appellee exercised reasonable care to keep the premises in a reasonably safe condition. In this case, not only was the jury adequately instructed regarding comparative negligence (Instruction D-3), but the trial judge also granted a peremptory instruction (D-2) that Goodwin was negligent. (While we question the propriety of this latter instruction, we decline to address this point, since it was not raised in either party's brief.) In spite of the comparative negligence instruction and the peremptory instruction, however, the jury awarded Goodwin $5,652. Under the circumstances, we do not believe that the trial judge should have upset the jury's verdict. In our opinion, the uncontradicted evidence (appellee did not offer any evidence at trial) was sufficient to support a verdict in favor of the appellant Goodwin. Therefore, it *44 was error for the trial judge to grant the appellee's motion for judgment notwithstanding the verdict.
The judgment of the trial court should be and is hereby reversed, and the jury verdict in favor of Goodwin for $5,652 is reinstated.
REVERSED, JURY VERDICT REINSTATED, AND RENDERED.
As to the Trial Court's granting appellee's motion for judgment notwithstanding the verdict:
To reverse: ROY NOBLE LEE, C.J., DAN M. LEE, P.J., ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
BLASS, J., not participating.
To affirm: HAWKINS, P.J., and PRATHER, J.
BLASS, J., not participating.
HAWKINS, P.J., dissents by separate written opinion, joined by PRATHER, J.
As to reinstating the jury's verdict or remanding for a ruling on motion for new trial:
To reinstate: DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
To remand: ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, J., dissents in part, concurs in part by separate written opinion, joined by ROY NOBLE LEE, C.J., and ANDERSON, J.
DAN M. LEE, P.J., concurs only in part that would reverse; dissents to that part that would remand.
HAWKINS, Presiding Justice, dissenting:
I respectfully dissent.
The Court is creating an impossible burden on the owners of public buildings, making it a jury issue any time some person falls entering a building when ice, snow and sleet covers the ground.
What can the owners of such property do? It is impossible to make walkways safe in this kind of weather. Well, suppose he attempts to sweep and scrape the walkway? Or, put sawdust or salt down, as the concurring opinion suggests?[1] It may very well, indeed probably will continue to have slick, icy spots. Will there then be a jury question as to whether the owner did enough? Or did not clean it properly?
We leave such owners no legal alternative except to close the doors to the business. Then, what will the customers who may desperately need products or services from the business do?
In my view the judge erred in not directing a verdict to begin with, and was entirely correct in granting a judgment n.o.v.
PRATHER, J., joins this opinion.
ROBERTSON, Justice, concurring in part, dissenting in part:
Our procedural law affords a litigant, unsuccessful before a jury in a civil action, the right to file and have considered a motion for judgment notwithstanding the verdict and, in the alternative, a motion for a new trial. The former motion challenges the legal sufficiency of the evidence to support the verdict; the latter its weight. See Investors Property Management, Ltd. v. Watkins, Pitts, Hill & Associates, 511 So.2d 1379, 1381 (Miss. 1987), and cases cited therein. Where such alternative motions are made, the circuit court ordinarily should act upon each. More specifically, if the circuit court grants the motion for judgment notwithstanding the verdict, it should ordinarily (depending upon the grounds asserted) go ahead and conditionally grant the alternative motion for a new trial. See Rule 50(c), Miss.R.Civ.P.; Maxwell v. Illinois Central Gulf R.R., 513 So.2d 901, 908 (Miss. 1987); Spradlin v. Smith, 494 So.2d 354, 355-56 (Miss. 1986).
In the case at bar, Specialty Supply on November 24, 1986, filed a motion entitled *45 Motion for Judgment Notwithstanding the Verdict, for New Trial and for Remittitur. Paragraph one of that motion attacks the legal sufficiency of the evidence to support the verdict. Paragraphs 2, 3, 4 and 5 of the motion, however, argue that the verdict is contrary to the overwhelming weight of the evidence, evinces bias, passion and prejudice, and the like. In those four paragraphs, Specialty attacks the weight of the evidence, not its legal sufficiency. The Circuit Court granted the first motion and entered judgment for Specialty, notwithstanding the verdict of the jury.
In its order granting Specialty's motion for judgment notwithstanding the verdict, however, the Circuit Court inexplicably failed to act upon the motion for new trial. This becomes important today by reference to the familiar distinction between a motion for j.n.o.v. and a motion for new trial and, particularly, the fact that the latter motion for a new trial demands of the moving party a lesser showing before it should be granted than is the case with the former. See Thornhill v. Wilson, 504 So.2d 1205, 1209 (Miss. 1987); Houston v. Page, 208 So.2d 901, 903-05 (Miss. 1968). For these reasons and those set forth in my separate opinion in Stubblefield v. Jesco, Inc., 464 So.2d 47, 57-60 (Miss. 1984), and Read v. Southern Pine Electric Power Ass'n, 515 So.2d 916, 923-24 (Miss. 1987), today's majority is in error when it reinstates the jury verdict and renders judgment here for Goodwin.
These thoughts in mind, and having particular reference to the facts and circumstances of this case, it seems inconceivable that that which motivated the Circuit Court to grant judgment notwithstanding the verdict would not also have been sufficient to require the granting of the motion for a new trial. The Circuit Court's action was based upon what it regarded as the legal insufficiency of the evidence to establish Specialty's negligence. If the Circuit Court regarded that evidence as legally insufficient, it follows a fortiori that the Court considered the verdict that Specialty was negligent contrary to the overwhelming weight of the evidence. This latter action  which we implicitly find to have been taken  is beyond our authority to disturb, first, because on this evidence we certainly could not say that the granting of a new trial was an abuse of discretion and, second, because the granting of a new trial is ordinarily not an appealable final order. See, e.g., Maxwell v. Illinois Central Gulf Railroad Co., 513 So.2d 901, 908 (Miss. 1987); Shelton v. Puckett, 483 So.2d 354, 356 (Miss. 1986).
Specialty has taken no cross-appeal on the point. The error, however, is plain, and because it is substantial we should give it note. See Rule 28(a)(3), Miss.Sup.Ct. Rules. For these reasons, we should reverse the judgment of the Circuit Court of December 8, 1986, and remand to the Circuit Court for a new trial.
Insofar as the majority opinion holds that the Circuit Court committed error in entering judgment in Specialty's favor notwithstanding the verdict of the jury, we concur. Insofar as that opinion reinstates the original judgment in favor of James M. Goodwin, following return of the verdict of the jury, we respectfully dissent. In our view, the case should now be remanded to the Circuit Court for a new trial.
ROY NOBLE LEE, C.J., and ANDERSON, J., concur in this opinion.
DAN M. LEE, P.J., concurs only as to the part that would reverse the case and dissents as to the part that would remand.
NOTES
[1] Where is he going to get the salt or sawdust? Is he supposed to keep a supply on hand?