# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01457-COA

**AUNDREA ROBINSON**                                                    **APPELLANT**

**v.**

**MARTIN FOOD STORES, INC. D/B/A**                          **APPELLEE**
**SUNFLOWER FOOD STORES OF MAGNOLIA**

DATE OF JUDGMENT:                    09/09/2014
TRIAL JUDGE:                         HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:           PIKE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:             JONATHAN C. TABOR
                                     DAVID NEIL MCCARTY
                                     LEIGH-ANN TABOR
ATTORNEYS FOR APPELLEE:              PATRICK M. TATUM
                                     WILLIAM LOCK MORTON III
                                     STEVEN CAVITT COOKSTON
NATURE OF THE CASE:                  CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:             SUMMARY JUDGMENT GRANTED IN
                                     FAVOR OF APPELLEE
DISPOSITION:                         AFFIRMED: 07/19/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., FAIR AND WILSON, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Aundrea Robinson was shopping in a Sunflower[1] grocery store when he slipped and

fell on a puddle of clear liquid. The circuit court granted summary judgment to Sunflower

after finding that Robinson failed to produce evidence the spill had been created by

Sunflower or that it had been there long enough to impart constructive knowledge of its

---

[1] Martin Food Stores Inc. was the operator of the store, but we will refer to it as
"Sunflower" for convenience.

existence to the store. On appeal, Robinson contends that he was entitled to an adverse inference against Sunflower based on its spoliation of evidence, losing a video recording of the spill and the fall as well as a contemporaneous incident report. But even assuming Robinson was entitled to the inference he seeks, under Mississippi law it is not a substitute for a prima facie case, which Robinson failed to present. We affirm the summary judgment.

## STANDARD OF REVIEW

¶2. "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).

¶3. "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401 (¶10). Still, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins.*, 515 So. 2d 678, 684 (Miss. 1987).

2

**DISCUSSION**

¶4. For the purposes of summary judgment, the facts are largely uncontested. There is no dispute that Robinson was a business invitee and that he slipped and fell on a puddle of clear liquid while shopping in the store. *See Grammar v. Dollar*, 911 So. 2d 619, 624 (¶12) (Miss. Ct. App. 2005) (defining business invitee as "someone who enters onto another's premises at the invitation of the owner . . .").

¶5. But the owner of a business is not required to insure against all injuries, even for an invitee; instead, he "owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." *Robinson v. Ratliff*, 757 So. 2d 1098, 1101-02 (¶12) (Miss. Ct. App. 2000). The owner has no duty to warn of a defect or danger that is as well known to the invitee as to the owner, of dangers that are known to the invitee, or of dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. *Grammar*, 911 So. 2d at 624 (¶12). Therefore, the plaintiff must prove either (1) that the property owner's negligence injured him, (2) that the property owner had knowledge of the dangerous condition and failed to warn him, or (3) that the condition existed for a sufficient amount of time that the owner should have had knowledge or notice of the condition (constructive knowledge). *Anderson v. B.H. Acquisition Inc.*, 771 So. 2d 914, 918 (¶8) (Miss. 2000) (citation omitted).

¶6. Here, several witnesses testified about the puddle. Robinson himself admitted that the

3

liquid was clear, did not have tracks or debris in it, and did not appear to have been there for very long. A store employee, Chris Jackson, testified that he had passed the area of the spill five or ten minutes before and that it was not there at that time. Jackson added that he had watched a surveillance video of the area and that the puddle – which was in front of a beer cooler – had appeared a few minutes before Robinson fell, after the "beer man," who was not an employee of the store, stocked the cooler. Both Jackson and Robinson testified to seeing the beer man at the store around the time Robinson fell. For his part, the beer man, Clint Nettles, denied that he could have left the puddle.[2]

¶7.   Prior to the hearing on Sunflower's motion for summary judgment, the word "spoliation" did not appear in the record. The issue was not raised in Robinson's response to Sunflower's motion or in any other pleading. The issue was first mentioned, almost as an afterthought, at the hearing. Specifically, just before concluding her argument at the hearing, Robinson's counsel stated that there was "also a serious spoliation issue" with regard to Sunflower's failure to produce a video or accident report. However, no further argument was made, and no relevant authority was ever cited. To be clear, the word "spoliation" appears once in the entire circuit court record. Because the issue was mentioned so belatedly, the record regarding the video and incident report is undeveloped. There is evidence that a video and incident report existed on August 1, 2011, when Robinson fell, and apparently Sunflower did not have it over eighteen months later, when Robinson served his discovery requests.

---

[2] The beer distributor was initially a defendant, but it is no longer a party to this suit.

The record reveals little else.

¶8.     Yet on appeal, spoliation suddenly has become the only issue. Robinson argues "spoliation . . . forbids summary judgment," and he asserts that "the trial court disregarded the spoliation of evidence in granting summary judgment." We conclude that the trial judge did not "disregard" anything; rather, Robinson waived the issue by raising it in such a belated and offhand fashion. As this Court recently reiterated,

> "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *Adams v. Bd. of Sup'rs of Union Cty.*, 177 Miss. 403, 170 So. 684, 685 (1936). Moreover, it is not sufficient to simply mention or "discuss" an issue at a hearing. The rule is that a "trial judge cannot be put in error on a matter which was never presented to him for decision." *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988) (emphasis added).

*City of Hattiesburg v. Precision Constr. LLC*, No. 2014-CA-01671-COA, 2016 WL 2860742, at *4 (¶18) (Miss. Ct. App. May 17, 2016). If spoliation were truly the reason for denying summary judgment – as Robinson now contends on appeal – then he should have made that argument clearly in the circuit court, not just mentioned the issue in passing. We conclude that Robinson is barred from raising the issue on appeal because it was never properly presented to the circuit judge for decision. *Id.*

¶9.     Procedural bar notwithstanding, summary judgment would have been properly granted even if Robinson had received the spoliation inference he requests on appeal. Robinson points to *Thomas v. Isle of Capri Casino*, 781 So. 2d 125, 133 (¶37) (Miss. 2001), where the Mississippi Supreme Court stated:

5

When evidence is lost or destroyed by one party (the "spoliator"), thus hindering the other party's ability to prove his case, a presumption is raised that the missing evidence would have been unfavorable to the party responsible for its loss. According to Wigmore:

> Spoliation and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates indefinitely though strongly against the whole mass of alleged facts constituting his cause.

2 J. Wigmore, Evidence § 278, at 133 (J. Chadbourn rev.1979). Because the presumption of unfavorability is not solely confined to the specific issue of what information was contained in the missing evidence, the fact finder is free to draw a general negative inference from the act of spoliation, regardless of what the spoliator's rebuttal evidence shows.

According to Robinson, this is a "burden shifter" that relieves him of the burden of proving Sunflower's negligence. It is true that the *Thomas* court quoted Wigmore approvingly for the proposition that the "fact itself of the [spoliator's] cause's lack of truth and merit" may be inferred from spoliation. And, in a summary judgment, the nonmoving party is entitled to the benefit of every reasonable inference. *Partin v. N. Miss. Med. Ctr. Inc.*, 929 So. 2d 924, 929 (¶16) (Miss. 2007). But the *Thomas* court was silent on the question of whether the inference, drawn from a presumption, is strong enough to replace a prima facie case, i.e., whether inference alone amounts to sufficient evidence to prevent summary judgment.

¶10.    This Court addressed that question directly in the recent cases of *Cofield v. Imperial Palace of Mississippi LLC*, 147 So. 3d 364, 367 (¶11) (Miss. Ct. App. 2014), and *Bolden v. Murray*, 97 So. 3d 710, 718 (¶31) (Miss. Ct. App. 2012), where we concluded: "[F]or

purposes of summary judgment, *[spoliation] of evidence, standing alone, is not enough* to allow a party who has produced no evidence – or utterly inadequate evidence – in support of a given claim to survive summary judgment on that claim." (quoting *Kronisch v. United States*, 150 F. 3d 112, 128 (2d Cir. 1998)) (emphasis added; internal quotation marks removed).

¶11.    Robinson argues that these decisions were in disregard of prior Mississippi law, but that is not the case. In fact, Mississippi has followed this rule since 1878. In *Bott v. Wood*, 56 Miss. 136, 140-41 (1878), a will contest where the will had allegedly been destroyed intentionally, it was held:

> The principle of the maxim *Omnia proesumuntur in odium spoliatoris*, as applicable to the destruction or suppression of a written instrument, is that such destruction or suppression raises a presumption that the document would, if produced, militate against the party destroying or suppressing it, and that his conduct is attributable to this circumstance, and, therefore, slight evidence of the contents of the instrument will usually, in such a case, be sufficient. There is great danger that the maxim may be carried too far. It cannot properly be pushed to the extent of dispensing with the necessity of other evidence, and should be regarded "as merely matter of inference, in weighing the effect of evidence in its own nature applicable to the subject in dispute."

(Citing 2 Best on Ev., § 412 et seq.). *Bott* has never been overruled; instead, it has been repeatedly reaffirmed. In *DeLaughter v. Lawrence County Hospital*, 601 So. 2d 818, 822 (Miss. 1992), the court recited the above quote from *Bott* with approval. And in the 2002 case of *Dowdle Butane Gas Co. v. Moore*, 831 So. 2d 1124, 1127 (¶8) (Miss. 2002), the supreme court cited *Bott* as the seminal Mississippi case on the spoliation inference, without any caveat.

7

¶12. Considering the authorities we have discussed, we can find no error in the trial court's grant of summary judgment to Sunflower.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**