# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00960-COA

**BETTY LYNN HUEY**                                                    **APPELLANT**

**v.**

**TELAPEX, INC. D/B/A C-SPIRE**                                        **APPELLEE**

DATE OF JUDGMENT:             04/17/2018
TRIAL JUDGE:                  HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:    SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ALSEE McDANIEL
ATTORNEYS FOR APPELLEE:       SHELDON G. ALSTON
                              ROBERT LANE BOBO
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION                   AFFIRMED - 05/07/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> **BEFORE J. WILSON, P.J., GREENLEE, WESTBROOKS AND McDONALD, JJ.**
>
> **GREENLEE, J., FOR THE COURT**:

¶1.     After falling on ice in a parking lot, Betty Huey filed a premises liability action in the Sunflower County Circuit Court against Telapex Inc. D/B/A C-Spire (C-Spire).  C-Spire moved for summary judgment, claiming Huey's injuries were caused by a natural condition in a remote area of the premises and that the danger was known and appreciated by Huey. The circuit court agreed and granted summary judgment.

¶2.     Now Huey appeals, claiming summary judgment was improper because there were genuine issues of material fact as to (1) whether she fell in a remote area of the premises or an area immediately adjacent to the store's entrance, (2) whether she knew and appreciated

the danger, and (3) whether C-Spire exercised reasonable care to keep its premises in a reasonably safe condition. We affirm the circuit court's grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 6, 2015, Betty Huey, a retired school teacher, traveled to C-Spire in Indianola, Mississippi to pay her cell phone bill. The previous week, the area experienced freezing temperatures and snow. On March 6, the conditions were still cold and icy, but Huey was concerned about possible late fees and cancellation of service. When Huey arrived at C-Spire, she noticed that most of the parking lot was covered with ice. So she parked her vehicle in a handicapped parking space near the front of the store. Huey did not see any ice in the parking space. But when she stepped out of her vehicle, she immediately slipped and fell.

¶4. On March 21, 2017, Huey filed a complaint in the Sunflower County Circuit Court seeking damages for personal injuries. She alleged that C-Spire failed to maintain its business premises by not treating the parking-lot surface for ice and snow. Subsequently, in a response to an interrogatory, C-Spire stated that its employees had placed salt on icy areas of the parking lot before and after the incident.

¶5. Then, in February 2018, C-Spire filed a motion for summary judgment. C-Spire claimed that Huey was injured by a natural condition on a remote part of the business premises and that she knew and appreciated the danger. In response, Huey reasserted her claim that C-Spire failed to exercise reasonable care in maintaining its premises. Huey also claimed that the handicapped parking space was immediately adjacent to the entrance, and

that the danger was neither open nor obvious.

¶6. In granting summary judgment, the court found that Huey fell in a remote area and knew and appreciated the danger. After Huey's motion to reconsider was denied, she filed a notice of appeal.

## STANDARD OF REVIEW

¶7. The grant or denial of summary judgment is reviewed de novo. *Stuckey v. The Provident Bank*, 912 So. 2d 859, 864 (¶8) (Miss. 2005). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Robinson v. Martin Food Stores Inc.*, 231 So. 3d 1060, 1061 (¶2) (Miss. Ct. App. 2016) (quoting M.R.C.P. 56(c)). "The evidence is viewed in the light most favorable to the party opposing the motion." *Id.* at 1062 (¶3). Still, "an adverse party may not rest upon the mere allegations or denials of [her] pleadings, but [her] response must set forth specific facts showing that there is a genuine issue for trial." *Id*. (quoting M.R.C.P. 56(e)).

## DISCUSSION

¶8. We address whether the trial court erred by granting summary judgment. In *Fulton v. Robinson*, 664 So. 2d 170 (Miss. 1995), our supreme court noted that the entire body of slip and fall case law may be summed up in these black-letter conclusions:

> (1) if an invitee is injured by a natural condition on a part of the business that is immediately adjacent to its major entrance and exit, then there is a jury question as to the openness and the obviousness of the danger.

3

(2) if an invitee is injured by a natural condition on a remote part of the business premises, and the danger was known and appreciated by the injured party, then there is no jury question.

(3) if an invitee is injured by an artificial/man-made condition on an adjacent or internal part of the business premises, then there is a jury question as to the openness and obviousness of the danger.

*Id*. at 175 (citations omitted).

¶9.     It is undisputed that Huey was a business invitee. Likewise, there is no dispute that Huey was injured by a natural condition and not an artificial or man-made condition. Huey slipped on ice that had accumulated on the parking lot during a winter storm, which occurred prior to the incident. C-Spire did not cause the ice to accumulate. Therefore, the ice in the parking lot was a natural condition.[1]

¶10.     This Court's review is limited to the first two of the three examples cited in *Fulton*. Huey claims there is a genuine issue of material fact as to whether her fall occurred immediately adjacent to C-Spire's entrance/exit or on a remote part of the business premises.

¶11.     "In *Fulton*, the court clearly described where the parties parked, their route to the entrance and where the injury occurred." *Lawrence v. Wright*, 922 So. 2d 1, 3 (¶9) (Miss. Ct. App. 2004) (citing *Fulton*, 664 So. 2d at 171-72, 174-75). "Thus, in *Fulton*, the court guides our consideration of the distinction between 'immediately adjacent' versus 'remote.'" *Id*.

¶12.     After a snowfall, Fulton slipped and fell on ice located in the middle of a McDonald's

---

[1] In Huey's response to C-Spire's motion for summary judgment, she asserted that by placing salt on the ice, C-Spire may have created black ice. However, Huey has abandoned this claim on appeal as the Appellant's Brief concedes that Example 3 cited in *Fulton* (where an "invitee is injured by an artificial/man-made condition . . .") does not apply.

parking lot. *Fulton*, 664 So. 2d at 171-72, 174. In affirming the circuit court's ruling that the defendant was not negligent, the court distinguished Fulton's fall from the plaintiff's fall in *Goodwin v. Derryberry Co.*, 553 So. 2d 40 (Miss. 1989). The *Fulton* court determined that "as a matter of law, it was enough that Fulton was injured in the parking lot, that is a remote part of the business, rather than, as Goodwin, in a designated walkway or covered area that was immediately adjacent to and directly connected to the business' entrance or exit." *Lawrence*, 992 So. 2d at 4 (¶12) (citing *Fulton*, 664 So. 2d at 175).

¶13.    Huey attempts to distinguish her case from *Fulton* by asserting that she parked in a handicap space directly in front of C-Spire. A similar claim was raised in *Lawrence*. In that case, the plaintiff argued that since she was parked in the first row of the parking lot, she was not on a remote part of the business premises. *Id*. at 4 (¶14). But "it was undisputed that Lawrence fell in the parking lot rather than on the sidewalk or covered area leading to the store's entrance." *Id*. at (¶15). Therefore, this Court held that under *Fulton*, "the parking lot where Lawrence fell was a remote part of the business premises." *Id*. Accordingly, we find that the parking lot where Huey fell was a remote part of the business premises.

¶14.    Huey also asserts that there was a genuine issue as to whether she "knew and appreciated the danger" because the ice was not visible. But our supreme court has stated that "when dealing with potentially dangerous natural conditions, this Court chooses to look at the natural condition in terms of what the customer can 'normally encounter' or 'expect' coupled with an examination of whether the condition is 'unusual' or 'usual' in order to determine whether a jury question exists." *Fulton*, 664 So. 2d at 175.

¶15.    In *Lawrence*, the plaintiff argued that because the ice was not visible, she could not have known or appreciated the danger. *Lawrence*, 922 So. 2d at 4 (¶16). This Court held that "ice in a parking lot, which existed several days after a winter storm, was a natural condition that Lawrence could have expected to encounter." *Id*. at (¶17). Consistent with prior case law, we believe the ice in this case, whether visible or not, was a natural condition that Huey could have expected to encounter after a winter storm.

¶16.    Finally, Huey asserts that there was a genuine issue of material fact as to whether C-Spire exercised reasonable care in maintaining the premises. In *Fulton*, our supreme court held that "[a]n owner or operator of a business still owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care." *Fulton*, 664 So. 2d at 175 (citing *Jerry Lee's Grocery Inc. v. Thompson*, 528 So. 2d 293 (Miss. 1988)). But this Court has held that "business owners are not required to clear naturally accumulated ice and snow from their parking lots." *Lawrence*, 922 So. 2d at 4 (¶15) (citing *Fulton*, 644 So. 2d at 175).

¶17.    Because Huey failed to show the existence of a genuine issue of material fact, we find summary judgment was appropriately granted.

¶18.    **AFFIRMED.**

       **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. C. WILSON, J., NOT PARTICIPATING.**